**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3145
_____

TRACY MURRAY,
on behalf of The Est. of Albert Purnell, II (Deceased)

v.

CITY OF PHILADELPHIA;
PHILADELPHIA POLICE DEPARTMENT;
DAVID ERBELE, Police Officer;
NICHOLAS HALBHERR, Police Officer

Tracy Murray,
Appellant

On Appeal from the United States District Court for the
Eastern District of Pennsylvania
(D.C. No. 2-11-cv-06900)
Hon. C. Darnell Jones, II

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 15, 2018

Before:  SMITH, <u>Chief</u> <u>Judge</u>, CHAGARES, FUENTES,
<u>Circuit</u> <u>Judges</u>.

(Filed: August 21, 2018)

Tracy Murray, appellant pro se
1530 East Maryland Street
Philadelphia, PA 19138

Daniel J. Auerbach
City of Philadelphia Law Department
1515 Arch Street, 17th Floor
Philadelphia, PA  19102

      Counsel for Appellees

Will W. Sachse, Esq.
Ellen L. Mossman, Esq.
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA  19104

Chase McReynolds
University of Pennsylvania Law School
3400 Chestnut Street
Philadelphia, PA 19104
(Admitted Pursuant to Third Circuit L.A.R. 46.3)

      Amicus Curiae

_____

OPINION
_____

CHAGARES, Circuit Judge.

Tracy Murray was named the administrator of her son's estate, of which her son's daughter was the sole beneficiary. Murray instituted a civil rights lawsuit on behalf of the estate and now appeals an adverse judgment entered after a jury trial in the United States District Court for the Eastern District of Pennsylvania. Although Murray was represented by counsel in the District Court, she filed this appeal pro se. We hold that a non-attorney who is not a beneficiary of the estate may not conduct a case pro se on behalf of the estate. As a result, we will dismiss Murray's appeal.

I.

David Erbele and Nicholas Halbherr, Philadelphia police officers, shot and killed Albert Purnell, II. Purnell died intestate. Purnell's minor daughter is the sole beneficiary of the estate. See 20 Pa. Cons. Stat. § 2103. Murray, Purnell's mother, hired an attorney and obtained letters of administration to act on behalf of her son's estate. Murray filed a lawsuit in the Court of Common Pleas of Philadelphia on behalf of the estate alleging excessive force against the City of Philadelphia, Erbele, and Halbherr under 42 U.S.C. § 1983 and state law. The City removed the case to the United States District Court for the Eastern District of Pennsylvania, and Murray withdrew her state-law claims. The District Court granted summary judgment to the City on Murray's § 1983 claim, but allowed her remaining § 1983 claim against Erbele and Halbherr to proceed to a jury trial. The officers' chief defense at trial was that they had used deadly force in self-defense. The jury returned verdicts in favor of Erbele and Halbherr.

Murray subsequently filed a pro se notice of appeal. This Court ordered the pro bono appointment of amicus curiae

3

to address whether Murray may proceed pro se on behalf of Purnell's estate.[1]

## II.

We must decide whether Murray, a non-attorney, may litigate an appeal pro se as the non-beneficiary administrator of her son's estate. Under 28 U.S.C. § 1654, "the parties may plead and conduct their own cases personally or by counsel" in the federal courts. Section 1654 thus ensures that a person may conduct his or her own case pro se or retain counsel to do so. See Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882 (3d Cir. 1991) ("The statutory right to proceed pro se reflects a respect for the choice of an individual citizen to plead his or her own cause." (quoting Cheung v. Youth Orchestra Found. of Buffalo, Inc., 906 F.2d 59, 61 (2d Cir. 1990))).

Although an individual may represent herself or himself pro se, a non-attorney may not represent other parties in federal court. See Collingsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 232 (3d Cir. 1998) ("The rule that a non-lawyer may not represent another person in court is a venerable common law rule."), abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist., 550 U.S. 516 (2007). This principle has been applied by the Supreme Court, this

---

[1] We express our gratitude to amicus curiae counsel Ellen L. Mossman and Will W. Sachse of Dechert LLP, and Chase McReynolds of the University of Pennsylvania Law School, and commend them for their high-quality assistance. The amicus curiae counsel also addressed whether an estate may be granted in forma pauperis status. Because of our holding, we need not consider this issue.

4

Court, and other courts in various contexts. See, e.g., Rowland v. Cal. Men's Colony, 506 U.S. 194, 202 (1993) (recognizing that corporations must be represented by counsel and that "save in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654 . . . does not allow corporations, partnerships or associations to appear in federal court otherwise through a licensed attorney" (footnote omitted)); Simon v. Hartford Life, Inc., 546 F.3d 661, 667 (9th Cir. 2008) (holding that a non-lawyer could not litigate pro se on behalf of an ERISA plan); Osei-Afriyie, 937 F.2d at 882 ("We hold that Osei-Afriyie, a non-lawyer appearing pro se, was not entitled to play the role of attorney for his children in federal court."); Phillips v. Tobin, 548 F.2d 408, 411–12 (2d Cir. 1976) (holding that a non-attorney could not appear pro se to conduct a shareholder's derivative suit).

We turn to whether a non-attorney, non-beneficiary administrator like Murray conducts her "own case" when representing an estate in federal court. 28 U.S.C. § 1654. The answer is no. If an estate has one or more beneficiaries besides the administrator, then the case is not the administrator's own because the interests of other parties are directly at stake. The interests of other parties, such as beneficiaries,[2] may not be represented by a non-attorney administrator of an estate. Accordingly, we hold that this case is not Murray's own and

---

[2] Other courts have indicated that an estate's creditors may also have interests in that estate. See, e.g., Rodgers v. Lancaster Police & Fire Dep't, 819 F.3d 205, 211 (5th Cir. 2016); Jones ex rel. Jones v. Corr. Med. Servs., Inc., 401 F.3d 950, 952 (8th Cir. 2005); Pridgen v. Andresen, 113 F.3d 391, 393 (2d Cir. 1997).

that she may not conduct it pro se on behalf of her granddaughter, the estate's sole beneficiary.

Our holding accords with those of our sister Courts of Appeals to consider the question we decide today.[3]  Further, practical considerations support our holding.  Attorneys' training, experience, and their "ethical responsibilities and obligations" help ensure that a represented party's interests are not squandered.  Collinsgru, 161 F.3d at 231; see Osei-Afriyie, 937 F.2d at 882 (holding that a pro se father's "lack of legal experience has nearly cost his children the chance ever to have any of their claims heard.").  Only attorneys may be sued for legal malpractice; a represented party could not seek recourse against a non-attorney for even the most egregious conduct.

---

[3]  See, e.g., Rodgers, 819 F.3d at 211 (holding that a person may represent an estate pro se "if that person is the only beneficiary and the estate has no creditors"); Malone v. Nielson, 474 F.3d 934, 937 (7th Cir. 2007) (per curiam) ("[I]f the administrator is not the sole beneficiary of the estate, then he or she may not represent the estate in court."); Jones, 401 F.3d at 952 ("[The administrator] is not the only beneficiary/creditor of [the] . . . estate.  Thus, as a non-attorney, [he] may not engage in the practice of law on behalf of others."); Shepherd v. Wellman, 313 F.3d 963, 970–71 (6th Cir. 2002); Pridgen, 113 F.3d at 393 ("[A]n administratrix . . . of an estate may not proceed pro se when the estate has beneficiaries or creditors other than the litigant."); see also Reshard v. Britt, 839 F.2d 1499 (11th Cir. 1988) (en banc) (plurality opinion) (per curiam) (affirming by operation of law as a result of an equally divided en banc court the district court's ruling that estate representatives could not proceed pro se when the estate had other beneficiaries).

See Collinsgru, 161 F.3d at 231. Accordingly, our holding limiting pro se representation pursuant to § 1654 "serve[s] the interests of the represented party as well as the interests of adversaries and the court." Pridgen, 113 F.3d at 393.

Our decision is not based on Murray's particular abilities or motivations. Murray is Purnell's mother and the grandmother of the estate's beneficiary. With that in mind, we have no reason to doubt her sincere desire to zealously advance the claims she has brought. Nevertheless, the law governing representation in federal courts requires us to conclude that as a non-attorney and non-beneficiary of the estate, she may not represent the estate pro se because this case is not Murray's own within the meaning of § 1654. This Court advised Murray on October 27, 2016 and March 29, 2017 that a non-attorney could not represent an estate and granted her time to obtain counsel on the estate's behalf. Because it is clear that Murray is unable or unwilling to obtain counsel for the estate, dismissal is appropriate at this time.

III.

For the foregoing reasons, we will dismiss Murray's appeal on behalf of the estate. Murray's motions for the appointment of counsel and motion for transcript copies at the government's expense are dismissed as moot.

7