**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3438
_____

In Re: SAMSON RESOURCES CORPORATION,
Reorganized Debtor,

Calvin D. Williams,
                                                    Appellant

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-18-cv-00084)
District Judge:  Honorable Richard G. Andrews

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 12, 2019
Before:  GREENAWAY, JR., RESTREPO and FUENTES, Circuit Judges

(Opinion filed October 4, 2019)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Calvin D. Williams appeals from the order of the District Court affirming an order of the Bankruptcy Court that disallowed his claim in this Chapter 11 bankruptcy proceeding. We will affirm as well.

I.

Samson Resources Corporation and certain of its affiliates (collectively, "Samson") operate in the oil and gas industries. Samson filed a Chapter 11 petition in 2015, and the Bankruptcy Court confirmed the Plan in 2017.

This appeal concerns Samson's working interest in a mineral-rights lease executed in 1949 by appellant Williams's great-grandfather, Will Seamster. That lease granted to a predecessor-in-interest of Samson the rights to oil and gas from a tract of land in Louisiana that the parties refer to as the "Seamster Tract." Seamster retained a royalty interest in oil and gas produced from the Seamster Tract. Over the years, that royalty interest has passed to and been divided among Seamster's many heirs, including Williams. Samson acquired its working interest in the lease in 2003 and, since then, it has produced mostly gas from the Seamster Tract and has paid royalties to Williams and the other inheritors of Seamster's royalty interest.

As part of its bankruptcy, Samson sought to sell its working interest in the Seamster Tract lease to a third-party. Williams objected to the sale and claimed, inter alia, that the 1949 lease was fraudulent and invalid from the outset or had terminated by non-production by 1959. The Bankruptcy Court held a full evidentiary hearing on his objection and overruled it after concluding that the 1949 lease was valid as a factual matter. The Bankruptcy Court also concluded in the alternative that applicable Louisiana

2

law barred Williams from challenging the lease both because Williams had accepted benefits thereunder (i.e., his royalty payments) and because the prescriptive period for challenging the lease had long expired. Williams appealed the Bankruptcy Court's ruling to the District Court, but his appeal was untimely and the District Court dismissed it on that basis. We affirmed that dismissal. See In re Samson Res. Corps., 726 F. App'x 162, 165 (3d Cir.), cert. denied, 139 S. Ct. 340 (2018).

Williams also filed a proof of claim in the Bankruptcy Court claiming that Samson owed him an unspecified amount for fraud and misappropriation of funds. Williams once again argued that the 1949 lease was invalid (which he presumably believed would have entitled him to more money). He also argued that Samson had otherwise miscalculated his royalties. After Samson objected to Williams's claim, the Bankruptcy Court once again held a full evidentiary hearing, sustained the objection, and disallowed the claim.

Williams appealed that ruling to the District court as well, and the District Court affirmed. The District Court concluded (as had the Bankruptcy Court) that Williams was collaterally estopped from contesting the validity of the 1949 lease again. The District Court also concluded that his challenges to that lease were precluded by and lacked merit under applicable Louisiana law. Finally, the District Court concluded that Williams had not challenged Samson's calculation of his royalties, had not presented any evidence on that issue, and thus had provided "no evidentiary basis to rule in his favor." (ECF No. 28 at 13.) Williams now appeals to us.[1]

---

[1] In his pro se notice of appeal, Williams purports to represent the interests of 10 other holders of royalty interests in the Seamster Tract who also filed unsuccessful claims in

II.

The District Court had jurisdiction to review the Bankruptcy Court's order under 28 U.S.C. § 158(a), and we have jurisdiction to review it under 28 U.S.C. §§ 158(d)(1) and 1291. Like the District Court, we review the Bankruptcy Court's legal conclusions de novo, its factual findings for clear error, and its exercise of discretion for abuse thereof. See In re KB Toys Inc., 736 F.3d 247, 251 n.6 (3d Cir. 2013).

Having carefully reviewed the record and the parties' briefs, we will affirm substantially for the reasons explained by the Bankruptcy Court and the District Court. The Bankruptcy Court held a full hearing on Williams's claim, and both that court and the District Court thoroughly explained why it lacks merit. Williams argues on appeal that "this case is not about" any of the issues on which the District Court ruled and is instead about the underlying validity of the 1949 lease. As the District Court explained, however, Williams is collaterally estopped from relitigating the validity of the lease in this proceeding.

Williams challenges that ruling for the first time in his reply brief. Williams forfeited that challenge by failing to raise it in his opening brief, see Garza v. Citigroup Inc., 881 F.3d 277, 284-85 (3d Cir. 2018), and it also lacks merit. As the District Court explained, all of the requirements of collateral estoppel, also called issue preclusion, are satisfied here—Williams previously litigated the validity of the lease, the Bankruptcy

the Bankruptcy Court (but who do not appear to have appealed to the District Court). Williams may not do so pro se. See Murray ex rel. Purnell v. City of Phila., 901 F.3d 169, 170-71 (3d Cir. 2018). Thus, we address only Williams's own claim.

4

Court adjudicated that issue, and its adjudication was necessary to its decision.  See

United States v. 5 Unlabeled Boxes, 572 F.3d 169, 173 (3d Cir. 2009).[2]

Williams argues that collateral estoppel does not apply because he previously

challenged the validity of the lease in the context of his objection to Samson's sale of its

working interest, not his proof of claim.  That distinction does not matter for purposes of

collateral estoppel, which (unlike res judicata in the sense of claim preclusion) focuses on

issues rather than claims.  See id. at 173-74.  Thus, we agree with the courts below that

Williams was collaterally estopped from contesting the validity of the 1949 lease again.

Williams has not otherwise raised any meaningful challenge to the lower courts' rulings

and, in light of his pro se status, we note that we perceive no basis for one.

III.

For these reasons, we will affirm the judgment of the District Court.  Williams's request

in his opening brief for appointment of counsel is denied.

---

[2] The Bankruptcy Court adjudicated the validity of the lease in approving the sale of Samson's working interest.  Williams's appellate challenges to that ruling were still ongoing when the Bankruptcy Court and District Court applied collateral estoppel in this case (Williams's appeal was still pending in this Court when the Bankruptcy Court ruled, and his petition for certiorari was still pending in the United States Supreme Court when the District Court ruled).  As the District Court recognized, these circumstances did not prevent application of collateral estoppel.  See 5 Unlabeled Boxes, 572 F.3d at 175.  The Bankruptcy Court and the District Court could have waited to apply collateral estoppel until Williams's appeals were resolved, but they were not required to do so.  See id.  In any event, any concerns in that regard "have now been allayed" because the Supreme Court has since denied Williams's petition for certiorari.  Id.