**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 18-1105

———————

MANORCARE OF EASTON PA LLC

v.

THE ESTATE OF JOSEPH A. NAGY


THE ESTATE OF JOSEPH A. NAGY; JOSEPH EUGENE NAGY, Counter-Plaintiffs

v.

MANORCARE OF EASTON PA LLC; KENNEDY PC; NORTHAMPTON COUNTY; AETNA, INC.; HEARTLAND HOSPICE; DR. EDWARD CUMBO; DR. DILIP BERA; BRAKELEY PARK CENTER; NEW EASTWOOD CARE AND REHAB; COMMONWEALTH OF PENNSYLVANIA; DR. KEYURKUMAR DALSANIYA; DR. STEPHEN KSIAZEK; ST. LUKE'S WARREN HOSPITAL

                                     The Estate of Joseph A. Nagy,
                                                          Appellant

———————————————————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5:13-cv-05957)
District Judge:  Honorable Jeffrey L. Schmehl

———————————————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 21, 2018

Before: MCKEE, COWEN, and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  October 31, 2019)

OPINION[*]

PER CURIAM

Joseph E. Nagy ("Appellant") seeks to appeal pro se from the District Court's December 13, 2017 order denying a filing titled "Motion to Tax Attorney in Fact and Pro Se Fees, Costs." For the reasons that follow, we will dismiss this appeal.

I.

In 2013, Manor Care of Easton, PA, LLC ("Manor Care") sued Appellant's father, Joseph A. Nagy ("Nagy"), in the Court of Common Pleas of Northampton County, Pennsylvania. Nagy, proceeding pro se, removed the case to federal court and filed counterclaims against several individuals and entities, including Manor Care. Appellant, also proceeding pro se, purported to join Nagy as a defendant/counter-plaintiff. After Nagy passed away in 2015, Nagy's Estate ("the Estate") was substituted for Nagy as a party to this case. The Estate was not represented by an attorney; rather, Appellant, who is a co-executor and co-beneficiary of the Estate, submitted filings on its behalf.

The District Court ultimately dismissed all of the counterclaims. Thereafter, Manor Care moved to voluntarily dismiss its complaint pursuant to Federal Rule of Civil Procedure 41(a)(2). In October 2017, the District Court granted that motion and closed the case. Later that month, Appellant, on the Estate's behalf, filed a document titled

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

"Motion to Tax Attorney in Fact and Pro Se Fees, Costs." This filing appeared to ask the District Court to order Manor Care to pay the Estate approximately $77,000 in "attorney fees" for Appellant's work on the case. On December 13, 2017, the District Court denied that motion. Thirty days later, Appellant filed a pro se notice of appeal, which stated that the Estate was appealing from the December 13, 2017 order.

## II.

Federal Rule of Appellate Procedure 3 requires that a notice of appeal "specify the party or parties taking the appeal by naming each one in the caption or body of the notice." Fed. R. App. P. 3(c)(1)(A). This rule is construed liberally, see Witasick v. Minn. Mut. Life Ins. Co., 803 F.3d 184, 190 (3d Cir. 2015), and "[c]ourts employ a commonsense, purposive approach to determine whether a notice of appeal complies with the rule[]," Lee v. Houtzdale SCI, 798 F.3d 159, 163 (3d Cir. 2015) (internal quotation marks omitted). In this case, the one-sentence notice of appeal clearly and unequivocally stated that the Estate was the party appealing. Even construing the notice liberally, nothing in that filing indicates that Appellant also intended to appeal on his own behalf.[1] Accordingly, we lack jurisdiction over any arguments brought by Appellant on his own

---

[1] On numerous occasions, Appellant submitted filings in the District Court that included language indicating that he was proceeding on behalf of *both* the Estate and himself. He was certainly capable of doing the same in his notice of appeal, but he chose not to do so, instead listing the Estate as the only appellant. Although he signed the notice of appeal, that fact alone is not enough to persuade us that he intended to appeal on his own behalf. Cf. Fed. R. App. P. 3(c)(2) ("A pro se notice of appeal is considered filed on behalf of the signer and the signer's spouse and minor children (if they are parties), *unless the notice clearly indicates otherwise*." (emphasis added)).

behalf.  See Witasick, 803 F.3d at 190.[2]  As for the arguments that Appellant brings on behalf of the Estate, those arguments are not properly before us either.  Appellant, who is not an attorney, may not represent the Estate pro se.  See Murray ex rel. Purnell v. City of Philadelphia, 901 F.3d 169, 170-71 (3d Cir. 2018).

In light of the above, we will dismiss this appeal.[3]  Appellant's motion for sanctions is denied.

---

[2] Even if we were to liberally construe Appellant's two motions to proceed in forma pauperis ("IFP") and/or his appellate briefing as a notice of appeal, we would still lack jurisdiction to review any arguments brought by Appellant on his own behalf. Appellant's first IFP motion does not indicate that he seeks to appeal on his own behalf, and the second IFP motion and his appellate briefing were filed after the expiration of the 30-day deadline for filing a notice of appeal.  See Fed. R. App. P. 4(a)(1)(A); see also Bowles v. Russell, 551 U.S. 205, 209 (2007) (explaining that the time to appeal is "mandatory and jurisdictional" (quoting Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 61 (1982) (per curiam))).

[3] To the extent that Appellant asks us to strike Manor Care's briefing and/or supplemental appendix, that request is denied.