**BLD-021**                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1735
_____

TED A. MCCRACKEN; GORETTI S. MCCRACKEN,

Appellants

v.

R.J. REYNOLDS TOBACCO; DEBRA CREW, President/Chief Executive Officer, R.J.
Reynolds Tobacco Company, Successor; ITG BRANDS LLC; DAVID H. TAYLOR,
President/Chief Executive Officer, ITG Brands, LLC, Successor;
REPUBLIC TOBACCO, INC.; DONALD LEVIN, President/Chief Executive Officer,
Republic Tobacco Inc., Successor

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civ. No. 2:17-cv-04495)
District Judge:  Honorable Mark A. Kearney

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 29, 2020

Before:  AMBRO, SHWARTZ and PORTER, Circuit Judges

(Opinion filed: January 14, 2021)

_____

OPINION[*]

_____

PER CURIAM

Ted McCracken appeals pro se from the District Court's order denying his motion filed pursuant to Federal Rule of Civil Procedure 60(b).[1]  For the reasons that follow, we will summarily affirm that order.

## I.

McCracken was a heavy smoker for decades.  In 2015, he was diagnosed with chronic obstructive pulmonary disease, emphysema, and chronic bronchitis.  Two years later, he brought this civil action, raising design-defect, failure-to-warn, and other claims against three tobacco companies and their respective chief executive officers.  The District Court dismissed some of McCracken's claims.  Later, in February 2019, the District Court granted summary judgment against McCracken with respect to his remaining claims and directed the District Court Clerk to close the case.

McCracken timely appealed, challenging the District Court's dismissal of some of his claims and its grant of summary judgment as to the remaining claims.  That appeal

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] McCracken's wife, Goretti McCracken, is also listed as an appellant.  However, she did not sign the notice of appeal or submit any filings in this appeal, and her husband cannot represent her here.  See Murray ex rel. Purnell v. City of Philadelphia, 901 F.3d 169, 170 (3d Cir. 2018) ("Although an individual may represent herself or himself pro se, a non-attorney may not represent other parties in federal court.").  Accordingly, we will dismiss this appeal as to Goretti McCracken.

was docketed at C.A. No. 19-1461. A few days after filing that appeal, McCracken moved the District Court for "reargument" of its summary-judgment decision pursuant to Federal Rule of Civil Procedure 59(e). In March 2019, the District Court entered an order that (1) granted reargument to clarify certain findings it had made at the summary-judgment stage, and (2) concluded that these clarified findings did not affect its decision to grant summary judgment against McCracken. Thereafter, McCracken did not amend his original notice of appeal or file a new notice of appeal challenging the District Court's March 2019 order.

In February 2020, at which point McCracken's appeal in C.A. No. 19-1461 was still pending, he moved the District Court to "dismiss" its summary-judgment decision pursuant to Federal Rule of Civil Procedure 60(b). In support of that motion, McCracken claimed that the summary-judgment decision was obtained via fraud because Dr. Bhushan Agharkar, who was retained by the defendants as an expert witness, had not physically examined McCracken. On March 2, 2020, the District Court entered an order denying, for lack of jurisdiction, McCracken's Rule 60(b) motion due to the pendency of his appeal in C.A. No. 19-1461. McCracken then timely filed a notice of appeal challenging that order. This new appeal was docketed at C.A. No. 20-1735.

In July 2020, we issued our decision in C.A. No. 19-1461, affirming the District Court's judgment. See McCracken v. R.J. Reynolds Tobacco, 821 F. App'x 122, 124 (3d Cir. 2020) (per curiam). McCracken's appeal in C.A. No. 20-1735 is now before us.

3

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. "We review the denial of Rule 60(b) relief for an abuse of discretion." Coltec Indus., Inc. v. Hobgood, 280 F.3d 262, 269 (3d Cir. 2002). We may affirm a district court's decision on any basis supported by the record, see Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam), and we may take summary action if the appeal fails to present a substantial question, see 3d Cir. I.O.P. 10.6.

The District Court denied McCracken's Rule 60(b) motion based on its determination that it lacked jurisdiction over that motion due to the pendency of his appeal in C.A. No. 19-1461. It is true that, "[a]s a general rule, the timely filing of a notice of appeal is an event of jurisdictional significance, immediately conferring jurisdiction on a Court of Appeals and divesting a district court of its control over those aspects of the case involved in the appeal." Venen v. Sweet, 758 F.2d 117, 120 (3d Cir. 1985). But when, as here, a district court is presented with a Rule 60(b) motion that is filed more than 28 days after the entry of the judgment being challenged on appeal, that general rule does not prevent a district court from either denying the motion or indicating that it would grant the motion if the case were remanded. See id. at 123.[2]

Notwithstanding the above, we see no reason to disturb the District Court's denial

---

[2] By contrast, when a Rule 60(b) motion is filed *within* 28 days after the entry of the district court's judgment, the district court has full authority to adjudicate that motion, and an appeal from that court's judgment does not become effective until after the court adjudicates the motion. See Fed. R. App. P. 4(a)(4)(A)(vi), (B)(i).

4

of McCracken's Rule 60(b) motion.  Recall that the basis for this motion was McCracken's argument that he was not physically examined by Dr. Agharkar.  But we rejected this very argument in our opinion in C.A. No. 19-1461, see McCracken, 821 F. App'x at 125 n.2 ("[T]he record reflects that this expert completed a physical examination of McCracken after several court orders were required to assure McCracken's attendance."), and, in any event, no district judge could reasonably conclude that McCracken is entitled to relief under Rule 60(b).  McCracken purported to rely on subsections (2) and (3) of Rule 60(b), but he failed to put forth any newly discovered evidence, see Fed. R. Civ. P. 60(b)(2), or establish that the District Court's summary-judgment decision was the product of "fraud . . ., misrepresentation, or misconduct by an opposing party," Fed. R. Civ. P. 60(b)(3).  Furthermore, the District Court's decision to grant summary judgment against McCracken did not hinge on whether he was physically examined by Dr. Agharkar.  Indeed, the District Court explained in its March 2019 opinion addressing McCracken's Rule 59(e) motion that, "[e]ven if we disregarded Dr. Agharkar's opinion, Mr. McCracken's argument fails because he has still failed to present causation evidence."  (Dist. Ct. Mem. entered Mar. 21, 2019, at 8.)

Because this appeal does not present a substantial question, we will summarily affirm the District Court's March 2, 2020 order denying McCracken's Rule 60(b) motion.