BLD-093                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2724
_____

JOSEPH DIGENOVA,
                              Appellant

v.

UNITE HERE LOCAL 274; SONESTA HOTEL
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civ. No. 2:19-cv-02122)
District Judge: Honorable Michael M. Baylson
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect or
for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 11, 2021
Before:  AMBRO, SHWARTZ and PORTER, Circuit Judges

(Opinion filed: March 2, 2021)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

I.

Proceeding pro se, Joseph DiGenova initiated suit in Pennsylvania state court by filing a Writ of Summons against Sonesta Hotels (Sonesta) and UNITE HERE Local 274 (the Union) (collectively, Defendants). DiGenova's subsequently filed complaint did not conform to any rules or norms for pleadings; instead, it was a scrapbook-style collection of court filings, emails, handwritten letters, agency decisions, news articles, and other documents from the preceding ten or so years.

Sonesta removed the case under 28 U.S.C. § 1441(a), which allows removal to local federal court of state actions in the sweep of the federal court's original jurisdiction. Seemingly speculating based on DiGenova's litigation history that he was attempting to raise previously adjudicated claims of employment discrimination and breach of a collective bargaining agreement, Sonesta averred that two federal laws were in play: the Labor Management Relations Act, and Title VII of the Civil Rights Act of 1964.

Sonesta then filed a motion to dismiss DiGenova's complaint for failure to state a claim, under Federal Rule of Civil Procedure 12(b)(6). The Union concurrently filed a motion for a more definite statement, under Federal Rule of Civil Procedure 12(e). The motions prompted DiGenova to filed a document titled "Statement of Facts, Corrections, + Evidence." DC ECF No. 10. Treating that document as an amended complaint, Defendants renewed their motions under Rule 12. DiGenova filed an opposition to the Union's renewed motion only.

By order entered on January 17, 2020, the District Court granted Sonesta's motion under Rule 12(b)(6), struck sua sponte DiGenova's apparent amended complaint, denied

as moot the Union's motion under Rule 12(e), and directed that the case be closed. The

District Court reasoned:

> Plaintiff, Joseph DiGenova, has been filing *pro se* papers in this Court
> for several years. His papers are disorganized, incomplete, and fail to
> adhere to the Rules of Civil Procedure. Even given latitude for *pro se*
> pleadings, Plaintiff has consistently failed to prepare documents that
> have any kind of organization—chronological, topical, or
> otherwise—and are basically incomprehensible.

DC ECF No. 15.

Over the next six months, DiGenova filed a so-called "Affidavit" and two motions

for relief, none of which addressed the substance of the District Court's order of

dismissal. By order entered on July 22, 2020, the District Court denied the new motions

and stated that "[t]here is no longer any case or controversy before this Court." DC ECF

No. 19. DiGenova then filed a notice of appeal.

## II.

The parties were asked on appeal to comment on the applicability of Federal Rule

of Civil Procedure 54(b), which provides that a District Court may expressly direct entry

of "final judgment as to one or more, but fewer than all, claims or parties." Here, there is

no partial final judgment; the District Court dismissed all claims against all parties. Rule

54(b), then, does not prevent us from exercising appellate jurisdiction.[1]

---

[1] We agree with the Union's argument on appeal that the District Court's January 17,
2020 order is fairly construed as dismissing sua sponte under Rule 8 DiGenova's claims
against the Union. Rule 8 requires that a pleading contain, among other things, "a short
and plain statement of the claim showing that the pleader is entitled to relief," and
averments that are "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). "Taken
together," Rules 8(a) and 8(d)(1) "underscore the emphasis placed on clarity and brevity
by the federal pleading rules." In re Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir.

We now turn to the scope of the appeal. Because DiGenova's notice of appeal was filed within 30 days of entry of the District Court's July 22, 2020 order, we have jurisdiction under 28 U.S.C. § 1291 to review that order. See Fed. R. App. P. 4(a)(1)(A). However, DiGenova's notice of appeal was filed several *months* after entry of the District Court's January 17, 2020 order, meaning that we do not have jurisdiction to review that order.[2] Notably, neither of the interim motions filed by DiGenova is amenable to construction as a timely post-judgment motion capable of resetting the appeal deadline. See Fed. R. App. P. 4(a)(4)(A).

III.

Addressing the merits, we start with DiGenova's response to the Clerk's January 11, 2021 letter raising the possibility of summary disposition. In his response, DiGenova requests that this Court issue a writ of mandamus and also direct the District Court to issue "an apology for his harsh, untrue assessment of myself and the servers I represent." Doc. 14 at 1.

---

1996) (citation omitted). A district court may sua sponte dismiss a complaint for failure to comply with Rule 8 when the complaint is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised," Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted), and that is plainly the assessment made by the District Court.

[2] The appeal cannot be deemed timely, with respect to the January 17, 2020 order, by virtue of the separate document rule and Federal Rule of Appellate Procedure 4(a)(7). True, the order did not comply with Rule 58(a). Cf. LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 224 (3d Cir. 2007). But that only gave DiGenova at most 180 days out from January 17, 2020 to file his notice of appeal, see Fed. R. App. P. 4(a)(7)(A)(ii), and it was not filed until over 200 days after entry of that order.

4

We will do neither of those things. First, while DiGenova's request that the District Court issue a mass apology is defective for myriad legal and factual reasons, naming two here will suffice: DiGenova may not represent in federal court anyone but himself, see Murray on behalf of Purnell v. City of Philadelphia, 901 F.3d 169, 170 (3d Cir. 2018), and the District Court's assessment was of DiGenova's pleading, not of him personally. Second, we will not construe anything DiGenova has filed as a petition for a writ of mandamus because the applicable standard requires that the petitioner's right to issuance of the writ be "clear and indisputable," see Gillette v. Prosper, 858 F.3d 833, 841 (3d Cir. 2017), and DiGenova does not come close to satisfying that standard.

Ultimately, we discern no error in the District Court's July 22, 2020 order. The post-judgment motions filed by DiGenova offered no basis for the District Court to disturb its order dismissing all claims against Defendants, so it was proper for the District Court to keep the case closed. Accordingly, we will affirm. See 3d Cir. L.A.R. 27.4 (2011); 3d Cir. I.O.P. 10.6 (2018). DiGenova's request to have his case assigned to a different District Judge, see Doc. 11 at 1, is denied.