DLD-185                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1018
_____

WILLIAM F. KAETZ,
                          Appellant

v.

THE UNITED STATES, All 50 States; UNITED STATES OF AMERICA;
HILLARY CLINTON; BARACK HUSSEIN OBAMA

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-19-cv-08100)
District Judge:  Honorable Kevin McNulty

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 20, 2021
Before:  JORDAN, KRAUSE, and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  June 3, 2021)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant William Kaetz, a pretrial detainee proceeding pro se and in forma pauperis, appeals from the dismissal of his complaint for lack of standing. For the reasons that follow, we will dismiss the appeal under 28 U.S.C § 1915(e)(2)(B)(i).

I.

Because we write primarily for the benefit of the parties, we recite only the important facts and procedural history. In March 2019, Kaetz filed a civil rights complaint under 42 U.S.C. § 1983, alleging that the defendants violated their oaths of office, violated his Due Process rights, and discriminated against him based on his status as a citizen of the United States. The District Court dismissed his complaint without prejudice because Kaetz lacked standing. Kaetz filed an amended complaint which, the District Court concluded, similarly failed to establish standing. The court dismissed the complaint without prejudice to Kaetz's filing another amended complaint explaining how the defendants' alleged violations of their oaths of office caused him injury.

Kaetz then filed his second amended complaint, along with a motion to reopen his case. The second amended complaint added defendants and supplemented his causes of action, alleging: (1) an "implied right to action" based on the alleged violations of the oath of office; (2) violations of Article 4, Section 4 of the United States Constitution; (3) violations of the Due Process clauses of the Fourteenth Amendment and Fifth Amendments; and (4) nationality discrimination against Mr. Kaetz based on his status as a United States Citizen. He stated that the defendants violated their oaths of office

2

through the implementation of preventative measures in response to the coronavirus pandemic and by permitting "Black Lives Matter and Antifa groups [to] pillage and ravish our cities, disband the police, destroy our heritage and history."[1] Kaetz stated that these alleged violations hurt his dignity, infringed on his liberties, destabilized the government, undermined his economic livelihood, and damaged his religious and spiritual beliefs. Kaetz seeks damages and various forms of injunctive relief.

The District Court concluded that Kaetz had still failed to show standing and dismissed the case with prejudice under 28 U.S.C. § 1915(e)(2)(B). Kaetz filed a timely notice of appeal, along with a motion for reconsideration that the District Court denied.[2]

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's dismissal under § 1915(e)(2)(B)(ii) is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). Dismissal is appropriate where a complaint has not alleged "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We accept all factual allegations in the complaint

---

[1] Kaetz also alleged that he represented a class of "nonessential" New Jersey citizens in challenging New Jersey Governor Tom Murphy's executive orders. As the District Court explained "[a]lthough an individual may represent herself or himself pro se, a non-attorney may not represent other parties in federal court." Murray on behalf of Purnell v. City of Phila., 901 F.3d 169, 170 (3d Cir. 2018).

[2] Kaetz also filed a recusal motion seeking to remove District Judge Claire Cecchi from his case, as well as two motions to expedite his case. The case was reassigned and

as true and construe those facts in the light most favorable to the plaintiff, Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012), and because Kaetz is proceeding pro se, we construe his complaint liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). Kaetz is proceeding in forma pauperis, so we must dismiss the appeal if it is legally frivolous. 28 U.S.C. § 1915(e)(2)(B).

### III.

Because Kaetz failed to establish standing, the District Court properly dismissed the amended complaint for failure to state a claim. To establish Article III standing, a plaintiff must demonstrate: (1) an injury-in-fact; (2) a sufficient causal connection between the injury and the conduct complained of; and (3) a likelihood that the injury will be redressed by a favorable decision. See Susan B. Anthony List v. Driehaus, 134 S. Ct. 2334, 2341 (2014); Finkelman v. Nat'l Football League, 810 F.3d 187, 193 (3d Cir. 2016). For there to be an injury-in-fact, a plaintiff must claim "the invasion of a concrete and particularized legally protected interest" resulting in harm "that is actual or imminent, not conjectural or hypothetical." Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 278 (3d Cir. 2014) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)).

The Supreme Court has "'consistently held that a plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's

---

subsequently dismissed, rendering each of these motions moot.

interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy.'" Lance v. Coffman, 549 U.S. 437, 439 (2007) (quoting Lujan, 504 U.S. at 573–74); see also Warth v. Seldin, 422 U.S. 490, 499 (1975) ("[W]hen the asserted harm is a 'generalized grievance' shared in substantially equal measure by all or a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction.") (citation omitted).

Here, Kaetz failed to establish standing because, as the District Court found, the injuries he alleges are not particular to him and apply with equal force to the citizens of both New Jersey and the United States. The generalized grievances raised in Kaetz's complaint regarding the conduct of elected officials do not establish injuries necessary for standing and would be most appropriately addressed in the representative branches. See Lujan, 504 U.S. at 573–74; Miller v. Nissan Motor Acceptance Corp., 362 F.3d 209, 221 (3d Cir. 2004). To the extent that Kaetz does attempt to articulate individualized injuries, these are, at best, only "hypothetical speculations concerning the possibility of future injury." Reilly v. Ceridian Corp., 664 F.3d 38, 43 (3d Cir. 2011).

Because Kaetz's appeal is legally frivolous, we will dismiss it under 28 U.S.C. § 1915(e)(2)(B).[3]

---

[3] Appellant's "Motion for 180 Day Ends of Justice Continuance" is denied.