**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1375
_____

YANILDA ANNETTE TORO; ROSA L. TORO; VICTOR L. TORO;
MARY ROSE TORO; VICTORIA TORO

v.

DYFS; TRINTAS HOSPITAL; RUNNELB HOSPITAL; TRENTON HOSPITAL;
GREYSTONE HOSPITAL; NORTHBROCK HOSPITAL; RARITAN BAY
HOSPITAL; PRINCETON HOSPITAL; NJ STATE COURTS FAMILY DIVISION;
DEPARTMENT OF AGRICULTURE

Yanilda Annette Toro,
Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3:20-cv-14821)
District Judge:  Honorable Anne E. Thompson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 23, 2021

Before:  MCKEE, SHWARTZ and RESTREPO, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 26, 2021)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

In October 2020, Appellant Yanilda Toro filed in the District Court a pro se complaint against New Jersey's Division of Youth and Family Services (now known as the Division of Child Protection and Permanency; hereinafter "DCPP"), the Family Division of the New Jersey State Courts, and seven hospitals.[1]  The factual allegations in the complaint appeared to revolve around events that took place over a decade ago and involved Toro's daughter, Y.D.Q, who is now a teenager and lives in Nevada.  Toro alleged that DCPP "had taken [Y.D.Q.] because they didn't want me to go hysterically emotional because [Y.D.Q.] started to get hormonal . . . at 4 because of a drink." (Compl. 3.)  Toro further alleged that "[t]he State of New Jersey National Ward didn't perform their duties correctly to protect me and [Y.D.Q.]," and that [t]he Hospital are [sic] trying to keep me and [Y.D.Q.] as patients to study our blood."  (Id.)  Toro sought $11 billion per day "from 4 years of age from [sic] being normal," $3 billion per day "from 2008 for adultery and not meeting boyfriends," and "1 zillion" for each of her 14 miscarriages "because my blood was drained with steroids."  (Id. at 4.)

The District Court screened the complaint and, in November 2020, (1) dismissed the complaint pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted, and (2) gave Toro 30 days to file an amended complaint.  Shortly thereafter, Toro submitted a letter that sought to add the "Federal Department [of]

---

[1] Toro's complaint named some of her relatives as co-plaintiffs; however, none of those relatives signed the complaint or otherwise participated in the case, and Toro, as a pro se litigant, could not represent them.  See Murray ex rel. Purnell v. City of Philadelphia, 901 F.3d 169, 170 (3d Cir. 2018).

Agriculture" as an additional defendant. The District Court granted that request and extended the amended-complaint deadline to January 14, 2021. That new deadline then passed without Toro filing an amended complaint. On February 22, 2021, at which point she still had not filed an amended complaint, the District Court entered an order directing the District Court Clerk to close the case.

Toro now appeals,[2] but her appellate brief does not address the District Court's dismissal order or its subsequent order directing that her case be closed. Instead, her brief sets forth new factual allegations that may relate to her claims against one or more of the defendants. Since those new allegations have no bearing on the District Court's aforementioned rulings (and Toro does not argue otherwise), we deem forfeited any challenge to those rulings. See In re Wettach, 811 F.3d 99, 115 (3d Cir. 2016) (deeming forfeited arguments that were not developed in the appellants' opening brief); see also Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (noting that pro se litigants "must abide by the same rules that apply to all other litigants"). Even if Toro had preserved such a challenge, there would be no reason to disturb the District Court's judgment. As the District Court indicated, dismissal of Toro's complaint was warranted because that pleading's "statement of facts is insufficient to support a plausible legal theory of liability." (Dist. Ct. Op. entered Nov. 30, 2020, at 5.) Furthermore, although the District Court afforded Toro ample time to amend her complaint, she did not file an amended complaint during that time period or request additional time to do so.

---

[2] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

In view of the above, we will affirm the District Court's February 22, 2021 order directing the closure of Toro's case.[3]

---

[3] About a month after Toro filed this appeal, she filed in the District Court an amended complaint and a motion that the District Court liberally construed as a motion to reopen her case. On March 31, 2021, the District Court administratively terminated that motion in light of this appeal and granted Toro leave to refile the motion after our resolution of the appeal. Nothing in our opinion here is intended to bar Toro from refiling that motion. We take no position on that motion's merits.