**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-1788

_____

PALANI KARUPAIYAN; SANTHOSH
SUBRAMANIYAN; P. P.; R. P.,

                                                            Appellants

v.

SHALIMAR GROUP OF RESTRAURANTS; L. NAGANANDA, individually and in
his official capacity as owner of Naga Law Firm; NAGA LAW FIRM; J. RAMYA; P.
JAYABALAN; J. RANJEETHKUMAR; ARUL THIRUMURUGU; ATLANTIC
REALTY DEVELOPMENT CORP; MIDDLESEX MANAGEMENT INC; OAK TREE
VILLAGE; DAVID HALPERN, individually and in his official capacity as CEO, owner
of Atlantic Realty Development Corp., Middlesex Management, Oak Tree Village; D&G
TOWING; GLENN STRAUBE, individually and in his own capacity as owner of D&G
Towing; JUDGE MARCIA SILVA, individually and in her official capacity as Judge of
the Superior Court, Middlesex County, NJ; JUDGE CRAIG CORSON, individually and
in his official capacity as Judge of the Superior Court, Middlesex County, NJ; JUDGE
JERALD COUNCIL, individually and in his official capacity as Judge of the Superior
Court, Middlesex County, NJ; JUSTICE STUART RABNER, individually and in his
official capacity as Chief Justice of Supreme Court of NJ; JUSTICE JAYNEE
LAVECCHIA, individually and in her official capacity as Chief Justice of Supreme
Court of NJ; JUSTICE BARRY T. ALBIN, individually and in his official capacity as
Chief Justice of Supreme Court of NJ; JUSTICE ANNE M. PATTERSON, individually
and in her of official capacity as Chief Judge of Supreme Court of NJ; JUSTICE
FAUSTINO J. FERNANDEZ-VINA, individually and in her official capacity as Chief
Justice of Supreme Court of NJ; JUSTICE LEE A. SOLOMON, individually and in her
official capacity as Chief Justice of Supreme Court of NJ; JUSTICE WALTER F.
TIMPONE, individually and in his official capacity as Chief Justice of Supreme Court of
NJ; JUDGE GLENN GRANT, individually and in his official capacity as Administrative
Director of the Courts of the State of New Jersey; JUDGE ALLISON E. ACCURSO,
individually and in her capacity as Judge of Appellate division of NJ; JUDGE PATRICK
DEALMEIDA, individually and  in his official capacity as Judge of Appellate division of
NJ; JUDGE JOSEPH L. YANNOTTI, individually and in his official capacity as Judge
of Appellate division of NJ; COUNTY OF MIDDLESEX; STATE OF NEW JERSEY;
EDISON TOWNSHIP NEW JERSEY; SAM JOSHI, individually and in his official

capacity as Mayor of Edison Township of NJ; RAJESH KHULLAR; RAMAN KHULLAR; TANIA KHULLAR

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-23-cv-00844)
District Judge:  Honorable Susan D. Wigenton

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 14, 2024

Before:  KRAUSE, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed: August 14, 2024)

_____

OPINION[*]

_____

PER CURIAM

Palani Karupaiyan and Santhosh Subramaniyan appeal[1] from orders dismissing

Karupaiyan's complaint and denying his motions.  We will affirm.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Karupaiyan, as he often does, purported to represent his children in the District Court and purported to appeal on their behalf.  But he cannot represent his children pro se, <u>see</u> <u>Osei-Afriye v. Med. Coll. of Pa.</u>, 937 F.2d 876, 882 (3d Cir. 1991), and we denied his various requests for relief on that issue as we have done in at least 10 other cases, <u>see, e.g.</u>, <u>In re Karupaiyan</u>, No. 23-1288, 2023 WL 3002743, at *1 n.1 (3d Cir. Apr. 19, 2023).  Thus, Karupaiyan's children are not parties to this appeal.  Karupaiyan also purported to appeal on behalf of Subramaniyan, whom the complaint identifies as an adult, and Subramaniyan later personally signed the notices of appeal and appellants' brief.

I.

This appeal concerns the fourth iteration of a complaint with which Karupaiyan has been trying to proceed for about four years. In D.N.J. Civ. No. 2-20-cv-12356, he filed a 180-page complaint followed by a 337-page amended complaint against numerous parties, including state-court judges. The District Court ultimately dismissed his amended complaint with prejudice for failure to comply with Fed. R. Civ. P. 8. We affirmed. See Karupaiyan v. Naganda, No. 21-2560, 2022 WL 327724 (3d Cir. Feb. 3, 2022), cert. denied, 143 S. Ct. 229 (2022).[2] Karupaiyan later filed a 361-page second amended complaint in the same action. The Court sua sponte dismissed it with prejudice too, and we affirmed that ruling as well. See Karupaiyan v. Naganda, No. 22-2066, 2022 WL 4965379 (3d Cir. Oct. 4, 2022), cert. dismissed, 143 S. Ct. 848 (2023).

While Karupaiyan was still seeking certiorari in that action, he instituted the separate civil action at issue here by filing another complaint. This complaint is largely the same as before except that it adds even more claims and defendants and now weighs in at 383 pages. As if to remove any doubt that he sought to proceed with essentially the

---

[2] We explained that, although Karupaiyan's amended complaint "identified approximately 30 defendants and cited over 50 laws as bases for relief," it "failed to explain how those defendants violated his rights under those laws. Instead, Karupaiyan provided a disjointed factual narrative that included descriptions of, among other things, a stolen bicycle, divorce proceedings, a landlord-tenant dispute, alleged corruption in the New Jersey judicial system, and incidents of domestic violence. That narrative was unconnected to any potential claims or purported grounds for liability. And, notably, the amended complaint was filed after Karupaiyan's original pleading had been dismissed based on Rule 8 deficiencies." Karupaiyan, 2022 WL 327724, at *2.

same complaint as before, Karupaiyan filed a motion to consolidate this action with the previous action and two of his others, all of which were closed.

The District Court sua sponte dismissed this complaint too for failure to comply with Rule 8. In light of its and our rulings on Karupaiyan's prior complaints, the Court did so with prejudice and without leave to amend. Karupaiyan and Subramaniyan appealed from that order, and Karupaiyan also filed motions for reconsideration and other relief. The District Court denied them, and Karupaiyan and Subramaniyan appeal from those orders as well. We have jurisdiction under 28 U.S.C. § 1291.

II.

Appellants argue that the Court lacked the authority to dismiss the complaint sua sponte under Rule 8 before any defendant appeared. They rely on Salahuddin v. Cuomo, 861 F.2d 40, 43 (2d Cir. 1988), in which the court "cautioned against" sua sponte dismissals prior to an answer. But that court has recognized that district courts can dismiss complaints under Rule 8 both sua sponte and with prejudice in appropriate cases. See Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995); Salahuddin, 861 F.2d at 42-43. And although that court "cautioned against" certain dismissals prior to an answer, it did not hold that a court can never sua sponte dismiss a complaint under Rule 8 before a defendant appears. Neither have we.

Instead, we have committed Rule 8 dismissals to the district courts' discretion and review them only for abuse of that discretion. See Garrett v. Wexford Health, 938 F.3d 69, 91-92 (3d Cir. 2019). Given our prior affirmances of the court's dismissals with

4

prejudice of two prior iterations of what essentially is the same complaint, we can hardly fault the court for sua sponte dismissing this one with prejudice too. Cf. Salahuddin, 861 F.2d at 42 (explaining that a court can "dismiss a prolix complaint without leave to amend in extraordinary circumstances, such as where leave to amend has previously been given and the successive pleadings remain prolix and unintelligible"). Nor can we say that the Court otherwise abused its discretion in dismissing the complaint with prejudice under the specific circumstances of this case. We also discern no error in the Court's denial of any of Karupaiyan's other requests for relief.

We address one final issue. The District Court did not address the fact that this complaint listed Subramaniyan as a plaintiff. But although Subramaniyan has provided signatures for the notices of appeal and appellants' brief, he did not sign the complaint or any other filing in the District Court. Only Karupaiyan signed the complaint, and Karupaiyan was not permitted to represent Subramaniyan pro se. See Murray ex rel. Purnell v. City of Phila., 901 F.3d 169, 170-71 (3d Cir. 2018). Thus, no claim by Subramaniyan was properly before the District Court. The Court could have given him a chance to personally sign the complaint, but we will not remand for that purpose because appellants do not mention this issue or Subramaniyan's claims on appeal. Those claims also do not appear substantial.[3] Nevertheless, because they were not properly before the

---

[3] Subramaniyan's claims appear derivative of Karupaiyan's claims that New Jersey judges wrongfully issued certain orders in a family court proceeding that resulted in Karupaiyan's divorce and loss of custody of his children. The complaint alleges that Subramaniyan, while attempting to obtain documents in response to the judges' orders,

District Court, we do not decide that issue. Instead, we will modify the order of dismissal pursuant to 28 U.S.C. § 2106 so that it is without prejudice to Subramaniyan's ability to file a proper complaint asserting his own claims either personally or through counsel. See Murray, 901 F.3d at 170 (discussing 28 U.S.C. § 1654).

III.

For these reasons, we will affirm the judgment of the District Court as modified in the preceding paragraph. We deny Karupaiyan's motion for an injunctive order against the United States Supreme Court as well as all other forms of relief that his filings in our Court can be construed to request.

---

had an "accident" and suffered a "brain injury." (ECF No. 1 at 72 ¶ 324; 98-99 ¶¶ 467-73; 310-13 ¶¶ 2485-92.) It appears that he seeks to hold the judges liable for that injury on the ground that their orders were unlawful. But the District Court previously dismissed Karupaiyan's own claims against the judges on judicial immunity and Rooker-Feldman grounds, see Karupaiyan, 2022 WL 327724, at *1, and Subramaniyan's claims would appear subject to dismissal on the same grounds. The complaint also alleges nothing suggesting that the judges' orders proximately caused his alleged injury.