UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2880
_____

JELENA LUKE TODOROVIC CLEMENTE,
                                                                    Appellant

v.

ANNA KOGET, D.O.; JAMES ROSSETTI, D.O.; UNIVERSITY OF PITTSBURGH
PHYSICIANS, D/B/A UPMC Shadyside; UPMC PRESBYTERIAN SHADYSIDE,
D/B/A UPMC Shadyside; ALLEGHENY CLINIC, D/B/A Allegheny Health Network
Cancer Institute West Penn Hospital

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:24-cv-00059)
District Judge:  Honorable Christy Criswell Wiegand

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 16, 2026
Before:  BIBAS, CHUNG and BOVE, *Circuit Judges*

(Opinion filed April 21, 2026)
_____

OPINION[*]
_____

PER CURIAM

       Jelena Todorovic Clemente appeals *pro se* from the District Court's order

dismissing her third amended complaint with prejudice.  We will affirm.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Clemente's lawsuit stems from the death of her husband in March 2022 following his treatment for cancer; she attributes his death to the medical negligence of the individual defendants, his treating physicians. She filed wrongful death and vicarious liability claims against them and their respective institutions ("the Defendants" or "Appellees") under Pennsylvania law on behalf of herself and as personal representative and executor of her late husband's estate in the United States District Court for the Western District of Pennsylvania, which had diversity jurisdiction. Clemente subsequently amended her complaint ostensibly to remove the estate as a party after the District Court advised her that she could not represent it in federal court as a *pro se* party. She then filed a second amended complaint, which the District Court dismissed under Federal Rule of Civil Procedure 12(b)(6) on the Defendants' motions because she failed to allege sufficient facts that would permit her to proceed with her claims *pro se*. In particular, the court concluded that Clemente was still improperly attempting to bring claims on behalf of her husband's estate and its beneficiaries.

The District Court allowed Clemente to file a third amended complaint, but it ultimately dismissed that one as well for the same reasons. In her latest effort, Clemente had filed an affidavit signed by her husband's eldest daughter, who disclaimed any interest in the estate and signed a general release of liability. However, the District Court noted that the decedent's will and Clemente's own court filings referred to two other potential beneficiaries (another daughter and son) who could be entitled to recovery under Pennsylvania's Wrongful Death Act, 42 Pa. C.S. § 8301. Clemente still could not

show that no other interests were at stake besides her own, so the court dismissed her wrongful death claims with prejudice to the extent she sought to represent the estate *pro se*, and without prejudice to a future action brought on the estate's behalf by counsel. In the absence of any underlying basis on which to hold the institutional defendants vicariously liable, the court dismissed the remaining claims on similar terms. Clemente appeals.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the dismissal of Clemente's third amended complaint under Rule 12(b)(6) *de novo*, accepting as true her factual allegations and drawing all reasonable inferences in her favor. *Schmidt v. Skolas*, 770 F.3d 241, 248 (3d Cir. 2014).

## III.

"Although an individual may represent herself or himself *pro se*," it is well settled that "a non-attorney may not represent other parties in federal court." *Murray ex rel. Purnell v. City of Phila.*, 901 F.3d 169, 170-71 (3d Cir. 2018) (collecting cases). That principle applies in a variety of contexts. *See, e.g.*, *id.* at 171 (holding that a "non-attorney administrator of an estate" with "one or more beneficiaries besides the administrator" cannot represent the other beneficiaries' interests); *Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882 (3d Cir. 1991) (holding that "a non-lawyer appearing *pro se* [is] not entitled to play the role of attorney for his children in federal court"). In this case, the District Court dismissed Clemente's wrongful death claims because she failed to show "that she is the sole beneficiary [of her husband's estate] and that there are no other

3

interests at stake." *See* ECF Doc. 126 at 7. The court was right to dismiss those claims, but it conflated two distinct categories of beneficiaries in doing so.

Under Pennsylvania law, "[a]n action for wrongful death may be brought only by specified relatives of the decedent to recover damages on their own behalf, *and not as beneficiaries of the estate.*" *Taylor v. Extendicare Health Facilities, Inc.*, 147 A.3d 490, 494 n.1 (Pa. 2016) (quoting *Pisano v. Extendicare Homes, Inc.*, 77 A.3d 651, 658-59 (Pa. Super. Ct. 2013)) (emphasis added). The Wrongful Death Act expressly creates a right of action "only for the benefit of the spouse, children or parents of the deceased," with recovery proportioned among them elsewhere by statute. 42 Pa. C.S. § 8301(b). Only a decedent's "personal representative"—that is, the executor or administrator of the estate—may bring a wrongful death action within the first six months of the decedent's death. Pa. R. Civ. P. 2202(a); *see* Pa. R. Civ. P. 2201 (defining "personal representative").[1] Beyond that point, "any person entitled by law to recover such damages" may bring suit "as trustee *ad litem* on behalf of all persons entitled to share in the damages." *Tulewicz v. SEPTA*, 606 A.2d 427, 431 n.9 (Pa. 1992) (citing Pa. R. Civ. P. 2202(b)). The statute "d[oes] not convey upon [claimants] the right to maintain

---

[1] Executors and administrators serve the same function. *See Borror v. Sharon Steel Co.*, 327 F.2d 165, 168 (3d Cir. 1964). An administrator typically is appointed by a probate court after the decedent's death if no executor has been named in advance via testamentary device. *See Ogden v. Blackledge*, 6 U.S. (2 Cranch) 272, 275 (1804) ("[T]he term administrators comprehends executors, for every executor is an administrator; . . . the only difference between them is, that one is created by the act of law, and the other by the act of the party.") (emphasis removed).

separate suits as co-party plaintiffs," *id.*, so the pendency of an action "operate[s] as a bar against the bringing of any other action for such wrongful death," Pa. R. Civ. P. 2202(c).

The Wrongful Death Act authorized Clemente to initiate this action because she is the personal representative of her husband's estate and could be entitled to damages as his surviving spouse in the event Appellees are found liable for his death. However, the lawsuit was not brought on behalf of *the estate's* beneficiaries, but rather on behalf of anyone who can seek damages under the Act, *i.e.*, the "wrongful death beneficiaries." *See Taylor*, 147 A.3d at 494 n.1. That list potentially includes the decedent's surviving children, even his eldest daughter who disclaimed any interest in the estate. Because a wrongful death action necessarily is prosecuted in the interest of all potential beneficiaries and cannot be pursued piecemeal, *Tulewicz*, 606 A.2d at 431 n.9, the general rule barring non-attorneys from representing another party's interests in federal court applies in these circumstances. Clemente cannot maintain this litigation without a lawyer given the nature of her claims.[2] With that clarification, we will affirm the judgment of the District Court.

---

[2] Clemente insists that she brought "only personal property tort claims" stemming from her inability to use a tractor that her husband had operated on their farm in Kentucky. *See* C.A. Doc. 13 at 27 (denying that the lawsuit includes "any survival, pain and suffer[ing] claims"). It would be more accurate to say that she seeks recompense for the loss of income that her husband earned "selling hay to local cattle farmers," *see* ECF Doc. 106 ¶ 50—a quintessentially pecuniary injury that squarely falls within the Wrongful Death Act's compensatory aims, *see Miller v. Phila. Geriatric Ctr.*, 463 F.3d 266, 271 (3d Cir. 2006).