**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3449
_____

PATRICIA WHARWOOD; RICHARD CONCEPCION

v.

WELLS FARGO BANK NA; FEDERAL HOUSING FINANCE AGENCY; MICHAEL
RUSSELL, a/k/a John Doe

Patricia Wharwood,
Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-19-cv-16590)
District Judge: Honorable William J. Martini

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 21, 2021

Before: AMBRO, PORTER, and SCIRICA, Circuit Judges

(Opinion filed: September 28, 2021)

_____

OPINION[*]
_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Patricia Wharwood appeals pro se from an order granting the defendants' motion to dismiss her amended complaint. For the reasons set forth below, we will affirm.

I.

In 2014, the New Jersey Superior Court entered judgment against Wharwood in foreclosure proceedings concerning a defaulted loan that was secured by her property in Lincoln Park, New Jersey. From 2014 to 2019, Wharwood filed multiple motions challenging the judgment and seeking stays of a subsequent sheriff's sale and her eviction from the foreclosed property. All of these motions were denied.

In 2019, Wharwood[1] filed a lawsuit under 42 U.S.C. § 1983 against Wells Fargo, the Federal Housing Finance Agency ("FHFA"), and Michael Russell. Wharwood raised six claims challenging the foreclosure and subsequent sale of her home, including: 1) an action for "ejectment"; 2) an action regarding alleged trespass on Wharwood's property; 3) "breach of estate and statutory rights"; 4) the "wrongful use of civil proceedings" 5) an action to "revive the equity of redemption"; and 6) an action to "impose a constructive trust." The defendants moved to dismiss on several grounds, including that the action

---

[1] Richard Concepcion was Wharwood's tenant and was evicted from the property. He was identified as a plaintiff in the lawsuit below but is not participating in the appeal, and Wharwood cannot represent his interests on appeal. See Murray v. City of Phila., 901 F.3d 169, 170 (3d Cir. 2018) ("an individual may represent herself or himself pro se, [but] a non-attorney may not represent other parties in federal court").

2

was barred by the <u>Rooker</u>-<u>Feldman</u> doctrine.[2]  Wharwood responded with a short answer

asserting that "defendant's [m]otion is bogus, unworthy of response, evasive and inane."

The District Court granted the defendants' motion, concluding that the complaint failed

to state any viable claims, was barred by the <u>Rooker</u>-<u>Feldman</u> doctrine, and that the

claims against the FHFA were barred by sovereign immunity.  The District Court gave

Wharwood leave to amend her complaint.

Wharwood then filed an amended complaint which was nearly identical to the

original complaint.  The only substantive difference was the addition of one more claim,

titled a "demand to recover the mortgage note."  The defendants moved to dismiss the

complaint on the same grounds.  Wharwood did not respond, and the District Court

dismissed the amended complaint with prejudice.  Wharwood appealed.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.  We exercise

de novo review over the District Court's grant of the defendants' motion to dismiss

pursuant to Federal Rule of Civil Procedure 12(b)(6).  <u>See</u> <u>Newark Cab Ass'n v. City of</u>

<u>Newark</u>, 901 F.3d 146, 151 (3d Cir. 2018); <u>see</u> <u>Turner v. Crawford Square Apartments</u>

<u>III</u>, L.P., 449 F.3d 542, 547 (3d Cir. 2006) (exercising de novo review over district

---

[2] <u>See</u> <u>D.C. Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983); <u>Rooker v. Fid. Tr. Co.</u>,
263 U.S. 413 (1923).

court's invocation of the Rooker-Feldman doctrine). We construe Wharwood's pro se filings liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

III.

In her brief on appeal, Wharwood focuses on her claim that she was improperly evicted under New Jersey's Anti-Eviction Act and the federal Protecting Tenants at Foreclosure Act of 2009 ("PTFA").[3] The District Court determined that it lacked jurisdiction over the claims concerning the foreclosure, sale, and subsequent eviction pursuant to the Rooker-Feldman doctrine and, alternatively, that the claims lacked merit.

The Rooker-Feldman doctrine deprives federal courts of subject-matter jurisdiction over claims when "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complains of injuries caused by the state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." Vuyanich v. Smithton Borough, 5 F.4th 379, 385 (3d Cir. 2021) (quotations omitted); Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005). To the extent that Wharwood challenges the

_____

[3] Accordingly, Wharwood has forfeited review of much of the District Court's decision including, for example, the District Court's determination that her claim against the FHFA was barred by sovereign immunity. See M.S. by & through Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020) (holding that claims were forfeited where appellant failed to raise them in her opening brief); Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 145–46 (3d Cir. 2017) (noting that "we have consistently refused to consider ill-developed arguments" or those not properly preserved due to passing and conclusory statements).

foreclosure action, we agree with the District Court that her challenge is barred by Rooker-Feldman from review in federal court. See Dorce v. City of New York, 2 F.4th 82, 104 (2d Cir. 2021) (foreclosure decision "is the type of claim that Rooker-Feldman squarely forecloses, both because it addresses an injury caused by the state court judgment, and because it would require the district court to review that judgment").

We question whether Wharwood's claim concerning the eviction is similarly barred.[4] However, the eviction claims are barred by New Jersey's preclusion rules. See In re Mullarkey, 536 F.3d 215, 229–30 (3d Cir. 2008); Rycoline Prods., Inc. v. C & W Unlimited, 109 F.3d 883, 885–86 (3d Cir. 1997).[5] Under New Jersey law, which governs the inquiry, see McCarter v. Mitcham, 883 F.2d 196, 199 (3d Cir. 1989), "when a controversy between parties is once fairly litigated and determined it is no longer open to relitigation," Adelman v. BSI Fin. Servs., Inc., 179 A.3d 431, 436 (N.J. Super. Ct. App.

---

[4] While Wharwood was ultimately evicted because of the state court foreclosure decision and had multiple motions to stay the eviction denied during that litigation, the direct injury caused by the state court's judgment was the property's foreclosure. The state court is likely more accurately described as "having 'acquiesced in' or 'ratified'" the eviction. Vuyanich, 5 F.4th at 386. This does not satisfy Prong 2. Id. In any event, we need not conclusively resolve these issues because preclusion principles are dispositive of Wharwood's claims. See Hoffman v. Nordic Nats., Inc., 837 F.3d 272, 277 (3d Cir. 2016) (Court was "permitted to 'bypass' the jurisdictional inquiry in favor of a non-merits dismissal on claim preclusion grounds").

[5] We may affirm on any ground supported by the record, see Munroe v. Cent. Bucks Sch. Dist., 805 F.3d 454, 469 (3d Cir. 2015), and Wells Fargo has raised the preclusion defense before both the District Court, and this Court. Given Wharwood's discussion of the foreclosure action in her complaint and on appeal, we conclude that it is appropriate to reach this defense here. See generally Hoffman, 837 F.3d at 280.

Div. 2018) (quoting <u>Lubliner v. Bd. of Alcoholic Beverage Control for Paterson</u>, 165 A.2d 163, 167 (N.J. 1960)).  Res judicata applies if there is "(1) a final judgment by a court of competent jurisdiction, (2) identity of issues, (3) identity of parties, and (4) identity of the cause of action."  <u>Brookshire Equities, LLC v. Montaquiza</u>, 787 A.2d 942, 947 (N.J. Super. Ct. App. Div. 2002).  Here, Wharwood raised most of the same allegations in the foreclosure action—including her argument that the New Jersey Anti-Eviction Act protected her from eviction—but the trial court rejected her claims, denying her motion that sought to stop the eviction based on the Anti-Eviction Act.  <u>See</u> Opinion, ECF No. 26, at *3.  Therefore, to the extent that Wharwood seeks to relitigate the same claims, they are barred by res judicata.

Moreover, to the extent there is any difference between the claims or parties in the two actions, Wharwood's claims are barred by New Jersey's Entire Controversy Doctrine.  Under this doctrine, a party must bring in one action "'all affirmative claims that [it] might have against another party, including counterclaims and cross-claims,'" and must join "'all parties with a material interest in the controversy,'" or "be forever barred from bringing a subsequent action involving the same underlying facts."  <u>Rycoline Prods., Inc.</u>, 109 F.3d at 885–86 (alteration in original) (quotations omitted).  This doctrine bars any variations of the claims concerning the allegedly improper foreclosure and eviction that Wharwood seeks to raise in this action. <u>See</u> <u>Delacruz</u>, 145 A.3d at 708 ("Claims or defenses that went to the validity of the mortgage, the amount due, or the

6

right of [mortgagee] to foreclose had to be raised in the foreclosure proceeding or they were barred.").[6]

In addition, Wharwood has not established that further amendment would enable her to cure the defect in her amended complaint, see Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (stating that allowing leave to amend is unnecessary if amendment would be futile).

Accordingly, we will affirm the judgment of the District Court.

---

[6] Wharwood also argued that her eviction violated the PTFA but she does not demonstrate how the act would apply to her where by its plain terms it applies only to bona fide tenants and Wharwood was the mortgagor of the property. See Pub. L. No. 111-22 § 702(b), 123 Stat. 1632 (codified at 12 U.S.C. § 5220 note).