RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 15a0112p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

MYRON BASS,

*Plaintiff,*

KAREN MOBLEY; LAWRENCE EVERETT REED,

*Plaintiffs-Appellants,*

*v.*

TOM LEATHERWOOD, Register of Deeds, et al.,

*Defendants-Appellees.*

No. 14-6321

───────────────

Appeal from the United States District Court
for the Western District of Tennessee at Memphis.
No. 2:13-cv-02882—James D. Todd, District Judge.

Decided and Filed: June 4, 2015

Before: COLE, Chief Judge; GILMAN and SUTTON, Circuit Judges.

───────────────

**ORDER**

───────────────

SUTTON, Circuit Judge.  Karen P. Mobley and Lawrence Everett Reed filed a pro se complaint on behalf of the Karen Mobley Gunn Estate and the Lawrence Everett Reed Estate, respectively.  They contended that various financial institutions fraudulently transferred real estate properties in Shelby County, Tennessee, and failed to follow proper procedures for selling properties encumbered by outstanding liens.  The district court dismissed the complaint on the ground that a nonattorney cannot appear in court on behalf of an artificial entity such as an estate, even though Mobley and Reed claimed that they were the sole beneficiaries of their respective estates.  On appeal, the financial institutions have again moved to dismiss the case for

lack of jurisdiction because Mobley and Reed each signed the notice of appeal as the "Authorized Representative" of the estates.  R. 82; *see* 28 U.S.C. § 1654.

Federal law allows parties to "plead and conduct their own cases personally or by counsel."  28 U.S.C. § 1654.  In 1997, the Second Circuit interpreted this language to impose a barrier on pro se litigants wishing to appear on behalf of "another person or entity," including a corporation, a partnership, a minor child, or "an estate . . . when the estate has beneficiaries or creditors other than the litigant."  *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997).  The court reasoned that "appearance pro se denotes (in law latin) appearance for one's self," but "when an estate has beneficiaries or creditors other than the administratrix or executrix, the action cannot be described as the litigant's own."  *Id.*  This court adopted the Second Circuit's reasoning in *Shepherd v. Wellman*, 313 F.3d 963 (6th Cir. 2002), prohibiting a litigant from proceeding pro se "because he is not the sole beneficiary of the decedent's estate."  *Id.* at 970 (citing *Pridgen*, 113 F.3d at 393).

Although the above cases imply that the sole beneficiary of an estate without creditors may represent the estate pro se, this court has never resolved the issue directly.  We now hold that he or she may do so.  "The rule against non-lawyer representation 'protects the rights of those before the court' by preventing an ill-equipped layperson from squandering the rights of the party he purports to represent."  *Zanecki v. Health Alliance Plan of Detroit*, 576 F. App'x 594, 595 (6th Cir. 2014) (per curiam) (quoting *Myers v. Loudoun Cnty. Pub. Sch.*, 418 F.3d 395, 400 (4th Cir. 2005)).  The purpose of the rule, then, is to protect third parties.  But that purpose has no role to play when the only person affected by a nonattorney's representation is the nonattorney herself.

The Second Circuit has reached the same conclusion.  "[T]he administrator and sole beneficiary of an estate with no creditors," it has concluded, "may appear *pro se* on behalf of the estate."  *Guest v. Hansen*, 603 F.3d 15, 21 (2d Cir. 2010).  Writing for the court, Judge Calabresi reasoned:

> It is only a legal fiction that assigns the sole beneficiary's claims to a paper entity—the estate—rather than the beneficiary himself.  Accordingly, *pro se* representation is consistent with our jurisprudence both on the right to self-representation and on the prohibition of appearances by non-attorneys on behalf

of others.  Because the administrator is the only party affected by the disposition of the suit, he is, in fact, appearing solely on his own behalf.  This being so, the dangers that accompany lay lawyering are outweighed by the right to self-representation . . . .

*Id.*   In this case, the appellants have stipulated that they are the sole beneficiaries of their respective estates and that their estates lack creditors.  R. 66 ¶ 3.  The appellees have not contested either point.  Although the record does not reveal why the appellants are litigating on behalf of estates and not on behalf of themselves as individuals, § 1654 does not bar this appeal.

The appellees insist that we have misread *Shepherd*, which in their view held that nonattorneys may not represent *any* artificial entities, including estates in which the pro se litigants are the sole beneficiaries.  The district court read the case the same way.  *See* R. 64 at 10–11.  It is true that, under longstanding tradition, "a *corporation* can only appear by attorney," *Osborn v. Bank of U.S.*, 22 U.S. (9 Wheat.) 738, 829 (1824) (emphasis added), perhaps because by definition another person—natural or artificial—is involved, *see Trustees of Dartmouth Coll. v. Woodward*, 17 U.S. (4 Wheat.) 518, 636–37 (1819); *United States v. 9.19 Acres of Land*, 416 F.2d 1244, 1245 (6th Cir. 1969).  But we have never extended the logic of this rule to estates.  In *Shepherd* and similar cases we held only that § 1654 "does not permit plaintiffs to appear *pro se* where interests other than their own are at stake," 313 F.3d at 970—a situation distinct from the one here.

For these reasons, we deny the appellees' motion.

ENTERED BY ORDER OF THE COURT

_____
Deborah S. Hunt, Clerk