[PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12570

_____

GRANT SUNNY IRIELE,
as the personal representative of the estate of
Rosemary Ewere Iriele (a.k.a. Rosemary Ofume),

                                                      Plaintiff-Appellant,

_versus_

RICHARD CARROLL GRIFFIN,
PATRICIA V. BRADLEY,
ELIZABETH A. KNOPP,
CHRISTOPHER P. POTTER,
JASON S. ETHERIDGE, et al.,

                                                      Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 7:20-cv-00383-LSC

_____

Before BRANCH, BRASHER, and ED CARNES, Circuit Judges.

BRANCH, Circuit Judge:

Grant Iriele, one day before the expiration of the statutory limitations period, initiated suit *pro se* against federal prison officials on behalf of his deceased mother's estate. Iriele, who had unsuccessfully attempted to retain counsel before filing suit, did not know that he could not represent his mother's estate *pro se* and needed, instead, to secure legal representation. Several months later, but before responsive pleadings were filed by Defendants, he retained counsel who entered an appearance and filed an amended complaint on behalf of the estate reasserting the original cause of action, asserting additional causes of action, and adding the United States as a defendant. Iriele assumed that retaining counsel and filing an amended complaint corrected his original mistake. The district court disagreed and dismissed the suit. In the district court's view, the original complaint, deficient for lack of proper legal representation, was a nullity and could not be cured by an amended complaint filed by counsel—there was simply nothing to amend.

Iriele urges us to reverse the district court's dismissal because his amended complaint was proper. After careful review of the record and the briefs, and with the benefit of oral argument, we agree with Iriele and reverse.

## I.    Background

Iriele initiated this suit on March 20, 2020, on behalf of the estate ("the Estate") of his deceased mother, Rosemary Ewere Iriele, alleging that she died while incarcerated because of deliberate indifference to her serious medical needs on the part of federal prison officials. Iriele's initial complaint alleged Eighth Amendment violations against the individual officials pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

Rosemary died on March 21, 2018, meaning that, pursuant to the two-year statute of limitations for *Bivens* claims brought in Alabama, the Estate had to file its complaint by March 21, 2020.[1] Prior to that date, Iriele was able to secure legal counsel to represent the Estate, but counsel disengaged further representation

---

[1] "[A] *Bivens* action is governed by the same statute of limitations as would a § 1983 action in th[e respective] court." *Kelly v. Serna*, 87 F.3d 1235, 1238 (11th Cir. 1996). Section 1983 claims, as tort actions, use the same statute of limitations of the state where the claim is brought. *Powell v. Thomas*, 643 F.3d 1300, 1303 (11th Cir. 2011). Alabama law imposes a two-year statute of limitations for tort claims, Ala. Code § 6-2-38(*l*), and we have construed this limitation to apply to § 1983 claims brought in Alabama, *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989).

in November 2019. Iriele then sought new counsel. He initially believed he had been successful in obtaining new counsel, but in February 2020, Iriele received a letter from the prospective counsel declining to represent the Estate. For the next three weeks, Iriele contacted multiple law firms seeking representation to no avail. Faced with a decision between forfeiting the claims of the Estate or proceeding *pro se*, Iriele opted for self-representation and filed the complaint on March 20, 2020—one day before the expiration of the limitations period.

During this time, Iriele also began the administrative process for asserting claims in federal court pursuant to the Federal Tort Claims Act[2] ("FTCA") by mailing a notice of claim to the Federal Bureau of Prisons ("BOP") on March 17, 2020.[3] In response, he received a denial of claim letter from the BOP dated May 19, 2020, meaning that the statute of limitations period for any FTCA claims brought by the Estate would expire on November 19, 2020, six

---

[2] The FTCA requires that a claimant present a tort claim in writing to the appropriate agency "within two years after such claim accrues." 28 U.S.C. § 2401(b). Further, once the agency issues its final decision, the claimant must initiate suit within six months of receipt of the decision. *Id.*; *see also Phillips v. United States*, 260 F.3d 1316, 1317 (11th Cir. 2001).

[3] The BOP received the notice of claim via mail on March 18, 2020. Iriele also e-mailed the notice of claim to the BOP on March 18, 2020, followed up the next day via e-mail to confirm receipt, and faxed the notice of claim to the BOP on March 20, 2020. The government does not dispute that it received notice of this claim within the two-year period after it accrued.

months after receipt of the BOP's decision.  28 U.S.C. § 2401(b); *Phillips v. United States*, 260 F.3d 1316, 1317 (11th Cir. 2001).

On October 27, 2020, the district court issued an order *sua sponte* requiring Iriele to inform the court:

> (1) whether Decedent [Rosemary Ewere Iriele] had any children besides [Iriele];
>
> (2) if Decedent died testate, whether anyone besides [Iriele] was a beneficiary of Decedent's will; and
>
> (3) if Decedent died intestate, whether anyone besides [Iriele] could inherit from Decedent through the laws of intestacy.
>
> Further, [Iriele] must inform the Court, in writing, if any creditors have a claim against Decedent's estate.

Iriele had 14 days to comply with the district court's order.

Iriele was eventually able to secure counsel for the Estate and on November 10, 2020, counsel entered an appearance as counsel for the Estate, and filed a response to the district court's order.  Counsel responded that "Decedent ha[d] three (3) children, including [Iriele]"; "Decedent died intestate"; besides Iriele, "Decedent's children and surviving spouse" would inherit through the laws of intestacy; and Iriele was "only aware of" a single creditor with a claim against the Estate—"JP Morgan Chase (mortgage on residence)."  No Defendant had filed a responsive pleading or any other motion at this time.

On November 19, 2020, counsel for the Estate filed an amended complaint pursuant to Federal Rule of Civil Procedure 15(a), which reasserted the *Bivens* claim from the initial complaint and asserted new claims, including additional *Bivens* claims and FTCA claims. The Estate also added the United States of America as a defendant. At the time of filing the amended complaint, the Estate's *Bivens* claims were outside the statute of limitations but the FTCA claims (asserted for the first time in the amended complaint) were timely. 28 U.S.C. § 2401(b); *Phillips*, 260 F.3d at 1317.

The district court conducted a telephonic conference on January 4, 2021, during which time it raised *sua sponte* the question of whether the case should be dismissed because Iriele, who is not a lawyer, initiated the suit *pro se* on behalf of the Estate. The district court ordered the parties to submit briefing on "whether Mr. Iriele could (1) legally represent the [E]state on a *pro se* basis and, (2) if not, whether th[e] matter should be dismissed."

Counsel for the Estate responded that Iriele initiated suit *pro se* on behalf of the Estate because of the impending statute of limitations deadline and, as a result, made an "unknowing[] and . . . honest mistake" by believing that he could file the complaint *pro se*. However, to the extent the complaint was a nullity, he argued that the doctrine of equitable tolling should apply, such that the amended complaint filed by counsel on behalf of the Estate related back to the filing of the initial complaint because the defect had been cured by securing legal representation. He also pointed out

21-12570                Opinion of the Court                7

that the FTCA claims asserted in the amended complaint were timely.

The government countered that, while 28 U.S.C. § 1654[4] allows individuals to represent themselves in federal court, a non-binding, unpublished decision from our Court, Alabama state law, and the district court's local rules did not allow a non-attorney to represent an estate in court. Therefore, according to the government, any filing made by the non-attorney on behalf of the Estate was null and void, unable to be cured by any amendment. In other words, because the complaint was void *ab initio*, "there was nothing to amend in the first place." The government also argued that the district court should not apply equitable tolling because Iriele's *pro se* status, ignorance of the law, or inability to find or pay for an attorney were not extraordinary circumstances sufficient to justify relation back of the amended complaint.

The district court entered an order dismissing the case without prejudice on June 28, 2021. It acknowledged that there is no binding precedent from this Court addressing the precise question of "whether an estate's executor brings his 'own case' (or the case of another)" under 28 U.S.C. § 1654 "when he files a *pro se* lawsuit on an estate's behalf." However, it found persuasive decisions from the Second, Third, Fifth, Sixth, and Eighth Circuits,

---

[4] "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654.

which each held that "[a] *pro se* executor suing on an estate's behalf brings his 'own case' only when (1) he is the estate's sole beneficiary and (2) the estate has no outstanding creditors." *See, e.g.*, *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997); *Murray ex rel. Purnell v. City of Phila.*, 901 F.3d 169, 171 (3d Cir. 2018); *Rodgers v. Lancaster Police & Fire Dep't*, 819 F.3d 205, 211 (5th Cir. 2016); *Bass v. Leatherwood*, 788 F.3d 228, 230 (6th Cir. 2015); *Jones ex rel. Jones v. Corr. Med. Servs., Inc.*, 401 F.3d 950, 952 (8th Cir. 2005).

Applying that rule, the district court determined that Iriele "had no authority to file this lawsuit because the [E]state has three other beneficiaries and at least one outstanding creditor" and the filing of the amended complaint could not cure the deficiency as it "only amend[ed] a nullified document."[5] Accordingly, the district court dismissed the action without prejudice. Iriele timely appealed.

## II.    Discussion

Iriele argues that the district court erred in dismissing the complaint[6] because there is no binding precedent addressing whether a *pro se* party can represent an estate and, even if the

---

[5] The district court also stated that it "ma[de] no ruling as to whether the [E]state's claims are time barred and, if so, whether the doctrine of equitable tolling applies to those otherwise-untimely claims."

[6] We review a district court's order to dismiss a case *de novo. Coventry First, LLC v. McCarty*, 605 F.3d 865, 868–69 (11th Cir. 2010).

21-12570                 Opinion of the Court                  9

complaint was defective, any defect was cured by the appearance of counsel and by the filing of the amended complaint.[7]

## A. *Can an executor of an estate represent the estate* pro se *in federal court?*

We start by answering the question posed by the district court, which up until now we have left unanswered: can an executor of an estate file a lawsuit in federal court *pro se* on behalf of the estate where there are additional beneficiaries of the estate, other than the executor, and/or where the estate has outstanding creditors?  28 U.S.C. § 1654 provides: "In all courts of the United States the parties may plead and conduct *their own cases* personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."  (emphasis added).  Equally divided sitting *en banc*, we previously offered no opinion on this issue.  *Reshard v. Britt*, 839 F.2d 1499, 1499 (11th Cir. 1988) (*en banc*).  Faced with the issue again today, we hold that, under the terms of § 1654, an executor may not represent an estate *pro se* where there are additional beneficiaries, other than the executor, and/or where the estate has outstanding creditors.  In such a situation as exists here, an executor of such an estate does not bring his "own case" and thus the estate must be represented by counsel.  28 U.S.C. § 1654.

---

[7] Iriele also argues that equitable tolling should apply to his claims.  We need not reach this argument, as explained herein.

We join several of our sister circuits that have reached the same conclusion, prohibiting executors of estates from representing the estate in federal court *pro se* where the estate has additional beneficiaries and/or creditors. *See Pridgen*, 113 F.3d at 393 (creditors of the estate); *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) (additional beneficiaries of the estate); *Malone v. Nielson*, 474 F.3d 934, 937 (7th Cir. 2007) (per curiam) (additional beneficiaries of the estate); *Murray*, 901 F.3d at 171 (holding that a non-beneficiary administrator of an estate cannot represent the estate *pro se*). *See also Guest v. Hansen*, 603 F.3d 15, 21 (2d Cir. 2010) (holding that "the administrator and sole beneficiary of an estate with no creditors may appear *pro se* on behalf of the estate"); *Bass*, 788 F.3d at 230 (holding that a sole beneficiary of an estate without any creditors may represent the estate *pro se*); *Rodgers*, 819 F.3d at 211 (holding that "[a] person with capacity under state law to represent an estate in a survival action may proceed *pro se* if that person is the only beneficiary and the estate has no creditors").[8]

We further hold that when a *pro se* plaintiff improperly seeks to represent an estate with additional beneficiaries and/or creditors, the district court may not simply dismiss the case without providing the plaintiff an opportunity to cure the

---

[8] We do not reach the question of whether an executor of an estate without any creditors or additional beneficiaries can represent the estate *pro se* in federal court under § 1654, as that question is not before us.

deficiency. After all, we routinely permit *pro se* plaintiffs to do so in other contexts. For instance, in *Palazzo v. Gulf Oil Corp.*, we applied the "well-established" rule "that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel." 764 F.2d 1381, 1385 (11th Cir. 1985). In that case, the district court dismissed the corporate claims for lack of proper representation where a major stockholder of the corporation sought to represent the corporation after its original counsel withdrew. *Id.* at 1384–86. But the district court dismissed those claims only after it had provided the corporation multiple opportunities to obtain substitute counsel. *See id.* at 1386 ("The record is clear that the court below was more than accommodating in urging proper representation of the corporate claims."). The same principle should apply in the context of estates. The district court should provide the *pro se* plaintiff attempting to represent an estate with other beneficiaries and/or creditors an opportunity to obtain counsel within a reasonable amount of time before dismissing the case outright. Accordingly, Iriele properly hired counsel who promptly filed an amended complaint.

The government, however, argues that the amended complaint is not proper because the original complaint was a nullity, meaning that it cannot be amended. It relies exclusively upon *Jones ex rel. Jones v. Correctional Medical Services, Inc.*, in which the Eighth Circuit affirmed the district court's dismissal of a case filed *pro se* by the administrator of an estate. 401 F.3d at 951.

The Eighth Circuit, while acknowledging that it was not bound by state law, explicitly adopted the reasoning of the Arkansas Supreme Court and held that "the defect [could not] be amended" because "the original complaint, as a nullity never existed." *Id.* at 952 (quoting *Davenport v. Lee*, 72 S.W.3d 85, 94 (Ark. 2002)). However, the Eighth Circuit also acknowledged in a parenthetical that "most district courts" often warn a litigant of the need to retain counsel in similar cases before dismissing. *Id.* (citing *Memon v. Allied Domecq QSR*, 385 F.3d 871, 874 (5th Cir. 2004)).[9]

First, we note our disagreement with the Eighth Circuit's consideration and application of state law. Whether or not a state in our Circuit applies a "nullity rule" has no bearing on our interpretation of a federal statute that defines the limits of *pro se* representation in federal court. Moreover, even when applying the "nullity rule," the Eighth Circuit still acknowledged that courts in other jurisdictions often provide *pro se* litigants another bite at the

---

[9] In *Memon*, the Fifth Circuit reversed the district court's dismissal for lack of proper representation where a corporation was represented by a non-attorney. 385 F.3d at 874–75. The Fifth Circuit observed that "[i]n virtually every case in which a district court dismissed the claims (or struck the pleadings) of a corporation that appeared without counsel, the court expressly warned the corporation that it must retain counsel or formally ordered it to do so before dismissing the case," or dismissed the case without prejudice "allowing the corporation to re-file after acquiring a lawyer." *Id.* at 874 (collecting cases). The Fifth Circuit held that it was error for the district court to have "never admonished" the corporation that it needed to retain counsel before dismissing the case with prejudice. *Id.* at 874–75.

apple where an initial mistake was made at the time of filing. *Id.* Accordingly, we do not follow the lead of *Jones* and expressly decline to adopt the "nullity rule" in this circumstance.[10]

Having determined that Iriele's initial *pro se* complaint was not a nullity, we now examine (1) whether the Estate was permitted to amend the complaint after obtaining counsel, and (2) whether, if any claims fall outside the relevant statute of limitations, the amended complaint related back to the date of filing of the initial complaint. We address these issues in order.

B. *Amendment of pleadings as a matter of course under Federal Rule of Civil Procedure 15(a)(1)*

To determine whether the Estate was permitted to amend its initial complaint, we turn to Federal Rule of Civil Procedure 15, which allows a party, before trial, to amend its pleading once as a matter of course within 21 days after serving it, or, if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). "If the case has more than one defendant, and not all have filed responsive pleadings, the plaintiff may amend the complaint as a matter of

---

[10] The government also relies upon cases in which we have held that a notice of appeal filed by a *pro se* litigant on behalf of another is ineffective. *See Martin-Trigona v. Shaw*, 986 F.2d 1384, 1388 n.1 (11th Cir. 1993); *Theriault v. Silber*, 579 F.2d 302, 302 n.1 (5th Cir. 1978). These cases relied upon Federal Rule of Civil Procedure 11, rather than 28 U.S.C. § 1654, and do not speak to any "nullity rule" as the government champions in this case. We therefore do not find them persuasive.

course with regard to those defendants that have yet to answer." *Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1291 (11th Cir. 2007). If the requirements of Rule 15(a)(1) are not met, a party may amend its pleading only with consent from the opposing party or leave of court. Fed. R. Civ. P. 15(a)(2).

Here, Iriele filed his original *pro se* complaint on March 20, 2020. Counsel for the Estate filed its first and only amended complaint on November 19, 2020. At the time of filing of the amendment, no Defendant had filed any responsive pleading—a fact which the government does not contest. Thus, under Rule 15(a)(1), the Estate was entitled to file its amended complaint without consent from Defendants or leave from the district court.

## C. Relation back of amendments under Federal Rule of Civil Procedure 15(c)

The next question is whether, if any claims in the amended complaint fall outside the statute of limitations, the amendment relates back to the date of filing of the original complaint pursuant to Rule 15(c). The amended complaint reasserted the Estate's original *Bivens* cause of action but also added new claims for relief: new *Bivens* claims for failure to train and supervise, failure to discipline, and failure to protect under the Eighth Amendment against the individual BOP officials; and FTCA claims for negligence and wrongful death against the United States, which the

Estate added as a new Defendant.[11]  As we have stated, the FTCA claims asserted in the amended complaint were timely when filed. The statute of limitations for the *Bivens* claims, however, had expired by the time counsel for the Estate filed the amended complaint.  Therefore, only the *Bivens* claims (both the original *Bivens* claim and the additional *Bivens* claims asserted for the first time in the amended complaint) must relate back such that they do not fall outside the limitations period.  We conclude that they do relate back.

An amendment to a pleading can "relate[] back to the date of the original pleading" under certain circumstances, including where "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading[.]" Fed. R. Civ. P. 15(c)(1)(A)–(B).

When new claims asserted in an amended complaint "'involve[ ] separate and distinct conduct,' such that the plaintiff would have to prove 'completely different facts' than required to

---

[11] Under Rule 15(c)(2), when an amendment adds the United States (or an officer or agency thereof) as a defendant, "the notice requirements . . . are satisfied if . . . process was delivered or mailed to the United States attorney or the United States attorney's designee, to the Attorney General of the United States, or to the officer or agency." Fed. R. Civ. P. 15(c)(2).  There is no dispute that the United States, the United States attorney, and the Attorney General of the United States were served with process effectively in this case on November 20, 2020, such that the amendment complied with Rule 15(c)(1)(C).

recover on the claims in the original complaint, the new claims do not relate back." *Caron v. NCL (Bahamas), Ltd.*, 910 F.3d 1359, 1368 (11th Cir. 2018) (quoting *Moore v. Baker*, 989 F.2d 1129, 1132 (11th Cir. 1993)) (alterations in original). On the other hand, where the claims brought in an amended complaint are "closely related" to the claims asserted in an original complaint, we have held that the amendment related back to the filing date of the original complaint. *See Arce v. Garcia*, 434 F.3d 1254, 1264 n.24 (11th Cir. 2006).

The government does not allege that the *Bivens* claims asserted in the amended complaint do not arise from "the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading[.]" Fed. R. Civ. P. 15(c)(1)(B). Indeed, we conclude that those claims do arise from the same conduct, transaction, or occurrence set out in the original complaint because each of the *Bivens* claims are based upon the BOP officials' alleged inaction that the Estate claims was the cause of Iriele's mother's death, just as Iriele alleged in the original complaint. It is clear that the amended complaint is based upon conduct and occurrences that are not only "closely related," but virtually identical to the conduct and occurrences set out in the original complaint. For this reason, the *Bivens* claims asserted in the amended complaint relate back to the filing of the initial *pro se* complaint on March 20, 2020, and are thus timely.

### III.    Conclusion

While Iriele was not legally authorized under 28 U.S.C. § 1654 to represent the Estate *pro se*, the district court erred in dismissing the case without first providing Iriele an opportunity to rectify his mistake by obtaining counsel.    Once properly represented, the Estate was entitled to file the amended complaint as a matter of course pursuant to Rule 15(a)(1).    Further, the FTCA claims asserted therein were timely and the *Bivens* claims relate back to the date of filing of the original complaint.    Therefore, the Estate's claims can proceed.[12]

**REVERSED AND REMANDED** with instructions to set aside the dismissal and to conduct further proceedings consistent with this opinion.

---

[12] The Estate argues on appeal that, if his claims do not relate back, we should apply equitable tolling principles.    Because we conclude that the Estate's FTCA claims are timely and the *Bivens* claims relate back, we need not reach the issue of equitable tolling.