[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-12064

Non-Argument Calendar

_____

ROSELYNE LAGUILLE-BRUGMAN,

Plaintiff-Appellant,

*versus*

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:21-cv-01064-CEH-JSS

_____

Before ROSENBAUM, JILL PRYOR, and GRANT, Circuit Judges.

PER CURIAM:

Appellant Roselyne Laguille-Brugman, as personal representative of her deceased husband's estate, filed a wrongful death action against the United States and sought to proceed *pro se*. The district court ordered that she could not proceed *pro se* and instructed her to obtain counsel. When she failed to obtain counsel, the district court dismissed the action without prejudice. After careful consideration, we affirm.

## I.

Laguille-Brugman was married to Cort Brugman, a disabled veteran. While Brugman was hospitalized in an intensive care unit at a Department of Veterans Affairs facility, he developed sepsis and died. Laguille-Brugman sued the United States under the Federal Tort Claims Act, alleging that Brugman's death was caused by the negligence of the physicians and nurses who treated him. She initially filed the complaint in her own name, proceeding *pro se*.

The United States moved to dismiss, arguing that a claim for wrongful death must be brought by the personal representative of Brugman's estate. The district court agreed. The court explained that Laguille-Brugman could "not bring this suit in her own name for the alleged wrongful death of her husband." Doc. 26 at 3.[1]

---

[1] "Doc." numbers refer to the district court's docket entries.

Instead, the personal representative of Brugman's estate had to bring the wrongful death claim for the benefit of Brugman's survivors or his estate. The district court dismissed the complaint. But it did so without prejudice and gave Laguille-Brugman the opportunity to open an estate, be appointed personal representative of the estate, retain counsel, and file an amended complaint that substituted the personal representative as plaintiff. The court cautioned that if Laguille-Brugman were appointed personal representative of the estate and chose to file an amended complaint, she would need to retain counsel and could not bring an action as personal representative while proceeding *pro se*.

After a Florida court appointed Laguille-Brugman as the personal representative of Brugman's estate, she filed an amended complaint in her capacity as personal representative, bringing a wrongful death claim "on behalf of the estate" and Brugman's "other . . . survivors." Doc. 27 at 2. According to the amended complaint, there were two potential beneficiaries of the estate who would share in any recovery: Laguille-Brugman and Brugman's adult child born during an earlier marriage.[2]

The district court struck the amended complaint. The court acknowledged that a party to a federal lawsuit generally may choose to represent herself or proceed with counsel. *See* 28 U.S.C. § 1654. But it explained that the right to self-representation "does not extend to representing someone else or an entity." Doc. 28 at

---

[2] The amended complaint alleged that, although the child's birth certificate listed Brugman as the father, Brugman denied that he was the child's father.

2 (internal quotation marks omitted). The district court observed that in the amended complaint Laguille-Brugman sought to represent both "an entity (the estate) and someone else (the other survivor[])." *Id.* Because she could "not represent the estate and the interests of the other survivor[] *pro se,*" she was required to retain counsel. *Id.* at 4.

The court gave Laguille-Brugman 30 days to retain counsel, warning that if she failed to retain counsel the action would be dismissed without prejudice. The court twice extended the deadline for retaining counsel. Although Laguille-Brugman consulted with numerous attorneys, she was unable to find one who would take the case. Because she failed to comply with the order to obtain counsel, the district court dismissed the action without prejudice.

This is Laguille-Brugman's appeal.[3]

## II.

We review for abuse of discretion a district court's dismissal for failure to comply with a court order. *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005). We review *de novo* questions of statutory interpretation. *Timson v. Sampson*, 518 F.3d 870, 872 (11th Cir. 2008).

## III.

---

[3] After the district court dismissed the action, an attorney appeared for Laguille-Brugman and represents her on appeal.

In federal court, a party may proceed either *pro se* or with representation by counsel. *See* 28 U.S.C. § 1654 (providing that in federal court "parties may plead and conduct their own cases personally or by counsel"). Although a party may represent herself *pro se*, a non-attorney may not represent other parties in federal court. *See Devine v. Indian River Cnty. Sch. Bd.*, 121 F.3d 576, 581–82 (11th Cir. 1997), *overruled in part on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007).

On appeal, Laguille-Brugman argues that the district court erred in concluding that she could not proceed *pro se* and needed to retain counsel. We disagree. Because she brought the wrongful death action as the personal representative of Brugman's estate, our recent decision in *Iriele v. Griffin*, 65 F.4th 1280 (11th Cir. 2023), compels us to conclude that she could not proceed *pro se*.

In *Iriele*, we considered whether a litigant could proceed *pro se* in an action brought on behalf of his mother's estate against federal prison officials alleging that the officials' deliberate indifference caused his mother's death. *Id.* at 1281–82. We determined that under § 1654 a litigant may not proceed *pro se* on behalf of an estate when the estate has "additional beneficiaries, other than the executor [or personal representative], and/or where the estate has . . . creditors." *Id.* at 1284–85. Because the estate had other beneficiaries besides the son and owed money to at least one creditor, we concluded that the action was not the son's "own case," and thus he needed to be represented by counsel. *Id.* (quoting 28 U.S.C. § 1654). We further explained that "when a *pro se* plaintiff improperly seeks

to represent an estate with additional beneficiaries and/or creditors," the district court must provide the plaintiff with an opportunity to obtain counsel within a reasonable amount of time before dismissing the case. *Id.* at 1285.

Given our decision in *Iriele*, the district court properly concluded that Laguille-Brugman could not proceed *pro se* in this lawsuit. As the amended complaint reflects, she brought the lawsuit in her capacity as personal representative for the benefit of Brugman's estate, and the estate had at least one other beneficiary, Brugman's son. Because the estate has at least one beneficiary other than Laguille-Brugman, she was required to be represented by counsel in prosecuting the wrongful death claim. *See id.* at 1284–85.

Laguille-Brugman implicitly concedes that her argument is foreclosed by *Iriele*, but she argues that we should "reassess[]" our precedent and hold that in unique circumstances a personal representative may proceed *pro se* in a wrongful death case. Appellant's Br. at 14. But under our prior panel precedent rule, we as a panel are bound by *Iriele* "unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting en banc." *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008); *see also United States v. Steele*, 147 F.3d 1316, 1317–18 (11th Cir. 1998) ("Under our prior panel precedent rule, a panel cannot overrule a prior one's holding[.]").

Given Laguille-Brugman's failure to obtain counsel after the district court ordered her to do so, the district court did not abuse its discretion when it dismissed the action without prejudice. The

23-12064              Opinion of the Court                7

district court informed Laguille-Brugman that she needed counsel and gave her several months to obtain counsel before dismissing the action. Because she failed to comply with the court's order, the court had the inherent authority to dismiss the action without prejudice. *See Betty K Agencies*, 432 F.3d at 1337.

**AFFIRMED.**