# Supreme Court of Texas

No. 24-1009

Maryvel Suday and the Estate of Olga Tamez de Suday,

*Petitioners*,

v.

Jesus Lozano Suday,

*Respondent*

On Petition for Review from the
Court of Appeals for the Fourth District of Texas

**PER CURIAM**

This Court has held that an estate's executor may proceed pro se in litigation involving his own interests, but we have not squarely addressed when, if ever, such an executor may proceed pro se in litigation involving the estate's interests. Several of our courts of appeals, including the court below, follow an absolute rule: that an attorney is required. In this case, the executor is the sole beneficiary of the estate. If she lacks counsel, and if her claims are thus dismissed without regard to the merits, she alone is harmed because she alone has an interest in the estate. We thus have no need to address the general rule prohibiting executors from representing the interests of an estate with other

beneficiaries. Under the narrow circumstances presented here, we conclude that the court of appeals erred in dismissing the appeal. We agree with the prevailing rule in federal courts that when the executor is the estate's sole beneficiary, the executor must be regarded as asserting only her personal rights and must therefore be allowed to proceed pro se. We therefore reverse the judgment below and remand the case to the court of appeals to address the merits, as to which we express no view.

## I

Olga Tamez de Suday filed for divorce against her husband, Jesus Suday, in 2017 in Val Verde County. The couple later finalized their divorce in Mexico. In August 2019, the trial court signed a divorce decree recognizing the Mexican divorce and dividing their property located in Texas. After Olga's death in October 2019, her daughter Maryvel became the independent executor of Olga's estate. In that capacity, and represented by counsel, Maryvel engaged in substantial litigation. The court of appeals ultimately affirmed her parents' divorce and property distribution in 2020. For reasons we need not discuss, Maryvel returned to the trial court to file multiple motions in her parents' divorce case between 2021 and 2023. On June 27, 2023, the trial court denied all those motions in a "final order." Maryvel's counsel filed a notice of appeal, and that appeal is the subject of the case now before us.

While the appeal was pending in the court of appeals, Maryvel's counsel withdrew after she informed him that she no longer desired his representation. The court of appeals notified Maryvel that she could not represent her mother's estate pro se and extended her briefing deadline to allow her time to secure new counsel. Maryvel did not obtain counsel

2

for the estate, so the court of appeals dismissed the appeal for want of prosecution. ___ S.W.3d ___, 2024 WL 4280988, at *2 (Tex. App.—San Antonio Sept. 25, 2024). This petition followed.

## II

Several of our courts of appeals have developed a general rule that the executor of an estate may not represent the estate pro se. This rule apparently was first adopted in Texas in *Steele v. McDonald*, 202 S.W.3d 926, 928 (Tex. App.—Waco 2006, no pet.). Other courts have followed *Steele*,[1] and as far as we know, none has rejected it. As these courts explain, the rationale for this rule is that an executor serves in a representative capacity, thereby requiring her to represent the rights of third parties. *See, e.g.*, *Est. of Maupin*, No. 13-17-00555-CV, 2019 WL 3331463, at *2 (Tex. App.—Corpus Christi–Edinburg July 25, 2019, pet. denied). According to those courts, barring a non-lawyer executor is consistent with the text of Texas Rule of Civil Procedure 7, which states: "Any party to a suit may appear and prosecute or defend *his rights* therein, either in person or by an attorney of the court." TEX. R. CIV. P. 7 (emphasis added). This Court has also invoked Rule 7 as support for the general requirement that corporations must be represented by licensed attorneys. *Kunstoplast of Am., Inc. v. Formosa Plastics Corp., USA*, 937 S.W.2d 455, 456 (Tex. 1996).

We assume without deciding that this general rule applies in the

---

[1] *See Swain v. Dobbs*, 692 S.W.3d 720, 728 (Tex. App.—Corpus Christi–Edinburg 2023, no pet.); *Kankonde v. Mankan*, No. 08-20-00052-CV, 2020 WL 5105806, at *2 (Tex. App.—El Paso Aug. 31, 2020, no pet.); *Est. of Maupin*, No. 13-17-00555-CV, 2019 WL 3331463, at *2 (Tex. App.—Corpus Christi–Edinburg July 25, 2019, pet. denied).

estate context. Even so, the circumstances of today's case do not align with, and indeed are at odds with, the rationale for the general rule. That rule seeks to protect an estate's non-party beneficiaries by requiring an executor to use counsel rather than risk harming the other beneficiaries, which is also why non-attorneys are generally barred from representing someone else in court. But requiring dismissal of claims when the executor is the *sole beneficiary* of an estate cannot protect other beneficiaries—there are none. And the lone beneficiary's interests are necessarily harmed, not protected, if her claims are summarily dismissed rather than adjudicated. When an executor like Maryvel is the sole beneficiary, she is, for all intents and purposes, representing only her *own* rights under Rule 7 and is not acting in a representative capacity at all. She alone will be affected by the court's determinations.

Several federal courts of appeals, including the Fifth Circuit, have expressly held that an executor may represent the estate pro se if she is the sole beneficiary. *E.g., Rodgers v. Lancaster Police & Fire Dep't*, 819 F.3d 205, 211 (5th Cir. 2016); *Bass v. Leatherwood*, 788 F.3d 228, 230-31 (6th Cir. 2015); *Guest v. Hansen*, 603 F.3d 15, 19-21 (2d Cir. 2010).[2] Correspondingly, other federal courts of appeals have held that an executor may not represent the estate pro se when the estate *does*

---

[2] These courts generally add that executors may proceed pro se when the estate also has no creditors, *see, e.g.*, *Rodgers*, 819 F.3d at 211, without foreclosing the possibility that a sole-beneficiary executor may proceed pro se even if there are creditors. The presence of creditors, who typically are adverse to the estate, raises distinct issues. In today's case, there are no creditors, and thus we need not decide—and instead expressly reserve for a future case— whether and to what extent the executor of a single-beneficiary estate that *does* have creditors may represent the estate's interests pro se.

have other beneficiaries, with some expressly leaving open the possibility that an estate may be represented by the executor pro se in the absence of other beneficiaries.[3]

We conclude that Texas courts should follow the same rule for single-beneficiary estates. When the executor represents interests other than her own, the general rule at least is logical; a non-attorney executor proceeding pro se imperils not only her own interests but also those of third parties. If her interests alone are affected, it may be unwise for her to proceed pro se, but she alone will bear any adverse consequences. And, particularly if she is unable to retain an attorney, or if doing so would substantially drain the very assets she is trying to protect, denying her the right to proceed pro se is not only unjustifiably paternalistic but plainly harmful. Her interests can hardly be protected by handing her an automatic loss in the form of a dismissal of her claims. Indeed, authorizing her to proceed pro se under those circumstances avoids serious potential issues arising under the federal and Texas Constitutions concerning due process and access to the courts. Thus, even assuming that an executor acting in a *representative* capacity has no right to proceed pro se given the third-party interests at stake, we agree with the Fifth Circuit and other federal courts that the right to self-representation outweighs any competing concerns when only the

---

[3] *See Iriele v. Griffin*, 65 F.4th 1280, 1285 & n.8 (11th Cir. 2023); *Murray ex rel. Purnell v. City of Philadelphia*, 901 F.3d 169, 171 (3d Cir. 2018); *Malone v. Nielson*, 474 F.3d 934, 937 & n.2 (7th Cir. 2007); *Jones ex rel. Jones v. Corr. Med. Servs., Inc.*, 401 F.3d 950, 952 (8th Cir. 2005); *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002); *Pridgen v. Andresen*, 113 F.3d 391, 392-93 (2d Cir. 1997) (later modified by *Guest*, 603 F.3d at 19-21).

executor's own interests are at stake. *Rodgers*, 819 F.3d at 211 & n.16 (quoting *Guest*, 603 F.3d at 20-21).

This Court has not squarely addressed the authority of executors to proceed pro se in the context of representing the interests of the estate. But when an executor's *own* interests were at stake, we expressly held that he could proceed pro se. In *Ex parte Shaffer*, the decedent's widow sued the estate's executor for breach of fiduciary duty. 649 S.W.2d 300, 301 (Tex. 1983). The case was set for trial and continued four times on the executor's request. *Id.* The executor then appeared and moved for another continuance because his attorney withdrew and the executor had not found a new one. *Id.* The trial court ordered the executor to find an attorney by a specified date or be held in contempt and subject to imprisonment. *Id.* Once the date had passed and no attorney had made an appearance, the court adjudged the executor in contempt and ordered him jailed. *Id.* This Court granted the writ of habeas corpus, holding that "ordering a party to be represented by an attorney abridges that person's right to be heard by himself" and that if the "lack of an attorney was being used to unnecessarily delay trial or was abusing the continuance privilege, the proper action would have been to order him to proceed to trial as set, with or without representation." *Id.* at 302.

Our holding in *Shaffer* was that the executor could proceed to trial without an attorney at least in certain circumstances. That holding does not necessarily mean that executors may *always* proceed pro se. Rather, the claim in *Shaffer* was brought against the executor himself, and so only his rights were at stake. Although the reason that only the

6

executor's interests were at stake in *Shaffer* is quite different from the reason that only the executor's interests are at stake here, the point that matters is that in both situations the executor alone had such an interest. When that is so, our holding in *Shaffer* may mandate the rule that we confirm today, and it is at the very least consistent with it.

Our holding today is narrow. We conclude only that the court of appeals erred in depriving Maryvel of the right to proceed pro se under the circumstances of this case. We express no view of the underlying litigation over the Suday estate or the merits of Maryvel's appeal.

### III

We hold that an executor may represent the estate pro se when she is also the sole beneficiary of the estate. Accordingly, without hearing oral argument, we grant the petition for review, reverse the court of appeals' judgment, and remand the case to the court of appeals to address the remaining issues on the merits. *See* TEX. R. APP. P. 59.1, 60.2(d).

**OPINION DELIVERED:** June 27, 2025

7