**NOT FOR PUBLICATION**

# In the

# United States Court of Appeals

## For the Eleventh Circuit

—————————————

No. 24-11597

Non-Argument Calendar

—————————————

MICHAEL V. SMITH,

*Plaintiff-Appellant,*

*versus*

PEPSI BOTTLING GROUP, et al.,

*Defendants,*

PEPSI COLA BOTTLING COMPANY,

*Defendant-Appellee.*

—————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:21-cv-01062-TJC-MCR

—————————————

Before JILL PRYOR, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Appellant Michael V. Smith, proceeding *pro se*, appeals the district court's dismissal of his fifth amended complaint in which he raised Title VII discrimination and retaliation claims against his former employer, Pepsi Bottling Company ("Pepsi"), which is also known as Bottling Group, LLC. After careful consideration, we vacate the district court's order and remand for further proceedings.

## I.

Smith, an African American man, worked for Pepsi for approximately six years.[1] During a shift in August 2020, he was assigned to work with a group of temporary workers. One of the temporary workers approached Smith and used racial slurs and threatened him. The temporary worker said, among other things, "I don't like working with Black people because I would have to do something to one of ya'll." Doc. 45 at 2.[2] Smith used his walkie-talkie to call his supervisor for help. He also attempted to walk away, but the temporary worker followed him while carrying an object that appeared to be a box cutter. The temporary worker was removed from the worksite. According to Smith, there was no physical contact during the incident.

The next day, Smith met with plant manager Chanton Patel. He reported to Patel that the temporary worker called him

---

[1] "At the motion to dismiss stage, we accept the well-pleaded allegations in the complaint as true and view them in the light most favorable to" Smith. *Hunt v. Aimco Props., L.P.*, 814 F.3d 1213, 1218 n.2 (11th Cir. 2016).

[2] "Doc." numbers refer to the district court's docket entries.

"racially motivated names" and threatened him. *Id.* Patel suspended Smith until an investigation could be completed. The next day, Patel called Smith and terminated him.

After his termination, Smith, proceeding *pro se*, filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). On the charge form, Smith checked a box to indicate that he was complaining of race discrimination, but he did not check the box for retaliation. In his charge, he described the incident with the temporary worker, his complaint to Patel, and his termination. The EEOC found reasonable cause to believe a Title VII violation occurred. On August 27, 2021, it sent Smith a notice of right to sue.

On October 21, 2021, Smith, still proceeding *pro se*, filed a complaint in federal district court in which he purported to bring Title VII and federal civil rights claims. In the case caption on the first page of the complaint, he named Pepsi as a defendant. He then described his Title VII claim. For this claim, he identified Pepsi as his employer and listed Patel as a defendant. As with his charge of discrimination, he checked a box indicating that he was complaining about the termination of his employment but did not check a box for retaliation. He alleged that he had filed a charge with the EEOC and received a notice of right-to-sue letter. He also purported to assert a separate civil rights claim arising out of the same incident. For the civil rights claim, he named both Pepsi and Patel as defendants. Smith set forth a brief factual description of the events giving rise to his claims. He stated that there was an incident

at work involving a verbal disagreement without any physical contact. He alleged that after complaining about a racial slur and threats, he was terminated. Along with his complaint, Smith filed a motion to proceed *in forma pauperis*.

Shortly after Smith filed his complaint, a magistrate judge issued a recommendation that the court deny Smith's motion to proceed *in forma pauperis* because he could afford to pay the filing fee. The district court, upon *de novo* review, adopted the recommendation and denied Smith's motion to proceed *in forma pauperis*. The court also ordered Smith to "file an amended complaint with additional factual information." Doc. 5 at 2. It directed that when he filed the amended complaint, he could renew his motion to proceed *in forma pauperis*.

Smith filed a first amended complaint in which he raised Title VII race discrimination and retaliation claims against Pepsi and Patel. In this pleading, he described the incident with the temporary worker, reporting the incident to Patel, and his termination. Along with his first amended complaint, he filed a second motion seeking leave to proceed *in forma pauperis*. The magistrate judge determined that Smith's second motion to proceed *in forma pauperis* was incomplete and denied it without prejudice. The magistrate judge also ordered Smith to file a second amended complaint, stating that his first amended complaint was "at risk of dismissal" because his allegations left "room for speculation as to the nature and circumstances of the alleged incident." Doc. 9 at 6.

Smith filed a second amended complaint in which he again raised Title VII race discrimination and retaliation claims. He also submitted a third motion seeking leave to proceed *in forma pauperis*. Shortly after submitting these filings, he paid the filing fee, and the court denied as moot his third motion to proceed *in forma pauperis*.

Smith then served Pepsi, which filed a motion to dismiss. After reviewing the parties' submissions and giving a liberal construction to Smith's *pro se* pleadings, the court stated that it was "prepared to permit" Smith's race discrimination and retaliation claims against Pepsi to proceed. Doc. 36 at 2. But it concluded that Smith needed legal assistance and appointed counsel to represent him. It ordered appointed counsel to file a fourth amended complaint and terminated all pending motions.

Through counsel, Smith filed the operative complaint in this action, the fifth amended complaint, which asserted claims against Pepsi only.[3] In this pleading, he included allegations about the incident with the temporary worker, his reporting of the incident to Patel, and his termination. In a single count, Smith asserted race discrimination and retaliation claims. He alleged that Pepsi discriminated against him by "subjecting [him] to a hostile work

---

[3] Before the court appointed counsel, Smith purported to file a third amended complaint. His appointed counsel filed the fourth and fifth amended complaints. The district court treated the fifth amended complaint as the operative complaint. On appeal, neither party disputes that the fifth amended complaint is the operative complaint.

environment, denying a fair and adequate incident investigation about the racial discrimination, and ultimately firing him." Doc. 45 at 8. And he alleged that Pepsi retaliated against him for "asserting his legal rights and having complained of discrimination." *Id.*

Pepsi moved to dismiss the fifth amended complaint. It argued that Smith's claims were untimely because he failed to file them within 90 days of receiving the EEOC's right-to-sue letter. Although Smith filed the original complaint within the 90-day period, it argued that the fifth amended complaint did not relate back to the original complaint.

Pepsi also argued that Smith failed to state a claim for race discrimination in the fifth amended complaint because he failed to satisfy the requirements for a prima facie case under the *McDonnell-Douglas* burden-shifting framework, as he had not identified an employee outside his protected class who was treated more favorably. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). In addition, Pepsi sought dismissal on the alternative ground that the fifth amended complaint was a shotgun pleading because Smith purported to raise two claims—race discrimination and retaliation—in a single count.

Shortly after Pepsi filed its motion to dismiss, Smith's appointed counsel moved to withdraw, citing irreconcilable differences. The court granted that motion. Smith, again proceeding *pro se*, filed a response opposing the motion to dismiss.

The court granted Pepsi's motion to dismiss. It concluded that the claims in the fifth amended complaint were untimely.

Although Smith filed the original complaint within 90 days of receiving the EEOC's right-to-sue letter, the court determined that the fifth amended complaint did not relate back because the original complaint "did not include a retaliation claim at all (his EEOC charge did not include one either) and the Title VII wrongful termination claim was filed against [Patel], not [Pepsi]." Doc. 57 at 2.

The court also concluded in the alternative that Smith failed to state a claim under Title VII for discrimination or retaliation. It determined that the fifth amended complaint "fail[ed] to include a necessary element of [a] claim for race discrimination" because it "never provided any factual support for the bare allegation that other similarly situated employees were treated differently" than Smith. *Id.* Even though Pepsi had not argued that Smith failed to state a claim for retaliation, the court also concluded that he failed to plead the elements of a retaliation claim.

After the district court entered its order dismissing the complaint, Smith moved for reconsideration. The court denied that motion.

This is Smith's appeal.

## II.

"We review the district court's grant of a motion to dismiss for failure to state a claim *de novo*, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Hunt v. Aimco Props., L.P.*, 814 F.3d 1213, 1221 (11th Cir. 2016). To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must include "enough facts

to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint's allegations must amount to "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555.

We review *de novo* a district court's application of a statute of limitations. *Harrison v. Digit. Health Plan*, 183 F.3d 1235, 1238 (11th Cir. 1999). We also review *de novo* a determination about whether an amended complaint relates back to the original complaint. *See Mungin v. Sec'y, Fla. Dep't of Corr.*, 89 F.4th 1308, 1321–22 (11th Cir. 2024).

We liberally construe a *pro se* litigant's pleadings, holding them "to less stringent standards than formal pleadings drafted by lawyers." *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). We liberally construe briefs filed by *pro se* litigants. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

### III.

Under Title VII, an employer may not terminate an employee because of his race or retaliate against him for opposing an employment practice that Title VII prohibits. 42 U.S.C. §§ 2000e-2(a)(1); 2000e-3(a). Here, Smith raised Title VII race discrimination and retaliation claims in his fifth amended complaint. The court dismissed these claims for two reasons: (1) they were untimely because Smith filed the fifth amended complaint more than 90 days after receiving the EEOC's right-to-sue letter and it did not relate

back to his original complaint, and (2) he failed to establish a prima facie case under *McDonnell Douglas*. We address each issue in turn.

## A.

Before filing a complaint alleging a Title VII violation, an employee must file a charge of discrimination with the EEOC. *Gregory v. Ga. Dep't. of Hum. Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004). He must file his Title VII lawsuit within 90 days of receiving a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1).

Because Smith filed the fifth amended complaint more than 90 days after receiving the right-to-sue letter, his claims in the fifth amended complaint are timely only if they relate back to the original complaint, which was filed within the 90-day period. "Relation back is a legal fiction employed to salvage claims that would otherwise be unjustly barred by a limitations provision." *Caron v. NCL (Bah.), Ltd.*, 910 F.3d 1359, 1368 (11th Cir. 2018). The "critical issue" in deciding whether an amended complaint relates back to the original complaint is "whether the original complaint gave notice to the defendant of the claim now being asserted." *Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993).

Under the Federal Rules of Civil Procedure, an amended pleading "relates back" to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). When the amended pleading asserts "new or distinct conduct, transactions, or occurrences" as "grounds for recovery, there is no relation

back." *Moore*, 989 F.2d at 1131 (citation modified); *see Caron*, 910 F.3d at 1368 (asking whether the claims in the amended complaint required the plaintiff "to prove completely different facts than required to recover on the claims in the original complaint" (citation modified)). But when the claims in the amended complaint "are closely related to the claims asserted in an original complaint," the amended complaint relates back to the filing date of the original complaint. *Iriele v. Griffin*, 65 F.4th 1280, 1287 (11th Cir. 2023) (citation modified).

We conclude that the claims in the fifth amended complaint relate back to the date of the original complaint here. The claims in the original complaint and the fifth amended complaint arose out of the same conduct, transaction, and occurrence: Smith's termination shortly after the incident in which a temporary worker made race-based comments and threatened him followed by Smith's complaint about the incident to Patel. Because both pleadings arose out of the same incident and required Smith to prove the same or closely related facts, the fifth amended complaint relates back, and Smith's Title VII claims against Pepsi are timely.

Pepsi resists this straightforward analysis. It says that the fifth amended complaint does not relate back because although it was named as a defendant in the original complaint, in that pleading Smith raised a Title VII claim against Patel only and failed to raise any retaliation claim at all. But the question for relation back is not whether the amended complaint raises a cause of action that was asserted against a defendant in the original complaint. Instead,

24-11597                Opinion of the Court                11

the question focuses on the facts alleged: whether the claims in the amended pleading arise out of "new or distinct conduct, transactions, or occurrences" from those alleged in the original complaint. *Moore*, 989 F.2d at 1131. And, as we explained above, Smith satisfied this test.[4]

Because the fifth amended complaint relates back to the original complaint and Smith filed the original complaint within 90 days of receiving the EEOC's right-to-sue letter, his Title VII claims are not time barred.

**B.**

We now turn to whether the district court erred when it dismissed Smith's Title VII discrimination and retaliation claims on the alternative ground that the fifth amended complaint failed to state a claim for relief.

To establish unlawful discrimination or retaliation under Title VII, a "plaintiff can use direct evidence, circumstantial evidence, or both." *Tynes v. Fla. Dep't of Juv. Justice*, 88 F.4th 939, 944 (11th Cir. 2023). "Direct evidence is evidence, that, if believed, proves the

---

[4] In its dismissal order, the district court noted that Smith did not check a box in his EEOC charge for a retaliation claim, suggesting that Smith failed to exhaust his administrative remedies for his Title VII retaliation claim. But we have previously held that employees who filed similar charges with the EEOC exhausted their administrative remedies for a retaliation claim despite not having checked the retaliation-claim box. *See Batson v. Salvation Army*, 897 F.3d 1320, 1328 (11th Cir. 2018) (concluding plaintiff exhausted retaliation claim even though she "did not mark the retaliation box on the form" for her EEOC charge).

existence of discriminatory intent without inference or presumption." *Jefferson v. Sewon Am., Inc.*, 891 F.3d 911, 921 (11th Cir. 2018) (citation modified). "[O]nly the most blatant remarks, whose intent could be nothing other than to discriminate, constitute direct evidence of discrimination." *Harris v. Pub. Health Tr. of Mia.-Dade Cnty.*, 82 F.4th 1296, 1301 (11th Cir. 2023) (citation modified).

At the summary judgment stage, to establish intentional discrimination or retaliation based on circumstantial evidence, a plaintiff may rely on the *McDonnell-Douglas* burden-shifting framework.[5] *See Tynes*, 88 F.4th at 944. Under this framework, the plaintiff first must establish a prima facie case. *See Lewis v. City of Union City*, 918 F.3d 1213, 1220 (11th Cir. 2019) (en banc). To establish a prima facie case of discrimination, a plaintiff must show that (1) he "belongs to a protected class," (2) he "was subjected to an adverse employment action," (3) he "was qualified to perform the job in question," and (4) his "employer treated similarly situated employees outside [his] class more favorably." *Id.* at 1220–21 (citation modified). To establish a prima facie case of retaliation, a plaintiff must show that (1) he "engaged in statutorily protected activity," (2) he "suffered an adverse action," and (3) "the adverse action was

---

[5] At the summary judgment stage, a plaintiff relying on circumstantial evidence is not required to use the *McDonnell-Douglas* framework. He also may establish discriminatory intent by coming forward with a "convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination [or retaliation] by the decisionmaker." *Tynes*, 88 F.4th at 946 (citation modified).

causally related to the protected activity." *Patterson v. Ga. Pac., LLC*, 38 F.4th 1336, 1345 (11th Cir. 2022) (citation modified).

If the plaintiff establishes a prima facie case, the burden then shifts to the defendant to articulate a legitimate, non-discriminatory or non-retaliatory reason for its employment action. *See Tex. Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 253 (1981). If the defendant meets this burden, the plaintiff then must show by a preponderance of the evidence that the defendant's proffered reasons "were not its true reasons" but rather a "pretext" for discrimination or retaliation. *Id.* The pretext inquiry "centers on the employer's beliefs," and the question is whether the employer was "dissatisfied" with the employee for non-discriminatory or non-retaliatory reasons, "even if mistakenly or unfairly so, or instead merely used those complaints" about the employee "as cover" for discrimination or retaliation. *Alvarez v. Royal Atl. Devs., Inc.*, 610 F.3d 1253, 1266 (11th Cir. 2010).

To withstand a motion to dismiss, a plaintiff bringing a Title VII discrimination or retaliation claim need not allege a prima facie case under *McDonnell Douglas*. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002). As the Supreme Court has explained, "[t]he prima facie case under *McDonnell Douglas* . . . is an evidentiary standard, not a pleading requirement." *Id.* To survive a motion to dismiss, a plaintiff's complaint simply "must provide 'enough factual matter (taken as true) to suggest' intentional . . . discrimination" or retaliation. *Davis v. Coca–Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008) (quoting *Twombly*, 550 U.S.

at 556). In other words, the complaint "must merely provide enough factual material to raise a reasonable inference, and thus a plausible claim," that the employer violated Title VII. *Speaker v. U.S. Dep't of Health & Hum. Servs.*, 623 F.3d 1371, 1386 (11th Cir. 2010).

Here, the district court applied the wrong standard to determine whether Smith stated a claim under Title VII for discrimination or retaliation when it required him to establish a prima facie case under *McDonnell Douglas*.[6] As we recently explained,

---

[6] The district court's analysis of the discrimination and retaliation claims was admittedly brief. We nevertheless can discern from its reasoning that the court dismissed each claim because Smith failed in his operative complaint to satisfy the prima facie case requirement under *McDonnell Douglas*.

For the discrimination claim, the court stated that Smith's "complaint fail[ed] to include a necessary element of his claim of race discrimination" because he "never provided any factual support for the bare allegation that other similarly situated employees were treated differently." Doc. 57 at 2. Because, as we discussed above, a plaintiff must identify a comparator to establish a prima facie case under *McDonnell-Douglas*, we infer that the court dismissed the discrimination claim because Smith failed to satisfy *McDonnell Douglas*'s prima facie case requirement.

The district court said even less about Smith's retaliation claim. After discussing the discrimination claim, it quickly disposed of the retaliation claim, stating, "Nor d[id] he plead the elements or factual support for a retaliation claim." *Id.* at 2–3. It then cited to the portion of our decision in *Goldsmith v. Bagby Elevator Co.*, in which we applied the *McDonnell-Douglas* burden-shifting framework to a retaliation claim. *See* 513 F.3d 1261, 1277 (11th Cir. 2008). Given the court's citation to this part of *Goldsmith*, we believe the district court concluded that Smith failed to state a claim for retaliation because he did not satisfy the prima facie case requirement of the *McDonnell-Douglas* framework.

*McDonnell-Douglas* "has no application on a motion to dismiss." *Ismael v. Roundtree*, 161 F.4th 752, 760 (11th Cir. 2025). Having set forth the appropriate standard above, we decline to consider how it applies at this juncture. Because the district court failed to conduct the proper inquiry—and because Pepsi followed suit in its appellate briefing—we think it more prudent for the parties to present their arguments to the district court in the first instance. We remand this case for the district court to determine, under the proper standard, whether Smith's fifth amended complaint stated claims for race discrimination and retaliation.

Pepsi urges us to ignore the district court's error because, it says, Smith failed to raise the issue on appeal. Although we liberally construe a *pro se* litigant's appellate brief, he generally forfeits an issue by failing to raise it in his opening brief. *See Timson*, 518 F.3d at 874. Even when a party fails to adequately raise an issue on appeal, we nevertheless may review the issue *sua sponte* in extraordinary circumstances, including when:

> (1) the issue involves a pure question of law and refusal to consider it would result in a miscarriage of justice; (2) the party lacked an opportunity to raise the issue at the district court level; (3) the interest of substantial justice is at stake; (4) the proper resolution is beyond any doubt; or (5) the issue presents significant questions of general impact or of great public concern.

*United States v. Campbell*, 26 F.4th 860, 872–73 (11th Cir. 2022) (en banc). In *Campbell*, the federal government forfeited an issue

because it failed to raise it in its appellate brief. *Id.* at 875. We nevertheless addressed it because the "purely legal conclusion" on the issue "jump[ed] off the page." *Id.* at 877.

Even assuming Smith failed to adequately raise on appeal the issue of whether the district court applied the wrong legal standard, we address the issue *sua sponte* because the district court's purely legal error—requiring Smith to establish a prima facie case under *McDonnell Douglas* at the pleadings stage—jumps off the page.

For the reasons given above, we vacate the district court's judgment and remand the case for the court to consider, under the proper standard, whether Smith stated a claim for relief.[7]

**VACATED and REMANDED.**

---

[7] Pepsi urges us to affirm the district court on the ground that Smith's fifth amended complaint is a shotgun pleading even though the district court never reached this ground. A district court has inherent authority to dismiss a complaint on shotgun pleading grounds. *Vibe Micro, Inc. v. Shabnets*, 878 F.3d 1291, 1295 (11th Cir. 2018). We review a district court's dismissal of a complaint as a shotgun pleading for abuse of discretion. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). We decline to address the shotgun pleading issue for the first time on appeal and instead leave it for the district court to address on remand.